(57 App. Div. 317.)

## In re THOMPSON'S ESTATE.

(Supreme Court, Appellate Division, Third Department. January 9, 1901.)

TAXABLE TRANSFERS—APPRAISER'S REPORT—EVIDENCE ON APPEAL—ADMISSIBILITY.

> Where an appeal was taken to the surrogate from an order confirming an appraiser's report, it was error to refuse to receive evidence on such appeal that a certain transfer of decedent's property had been made in contemplation of death, and was hence liable under the taxable transfer law, since the purpose of the appeal was not simply to review his former determination, but to ascertain the true value of the estate.

Appeal from order of surrogate, Tompkins county.

Appraisal and assessment of the estate of Harriet W. Thompson, deceased. From an order of the surrogate of Tompkins county, affirming an order fixing the tax on decedent's estate under the taxable transfer law, the state appeals. Reversed.

An order was made by the surrogate appointing an appraiser to report upon the property, and the value of the property, of the estate of Harriet W. Thompson, deceased. A report was made, and by order of the surrogate confirmed. An appeal was taken to the surrogate, as provided by section 232 of the tax law, and on return of citation the comptroller of the state, through counsel, produced three witnesses, and asked to be permitted to prove that a certain transfer of $7,000 in property, made before the death of the decedent, was transferred by her in her lifetime, and the transfer was made "in contemplation of death, and was taxable under the taxable transfer law." This was objected to by counsel for the executor on the ground "that upon this hearing the appellant had no right to introduce testimony," and the objection was sustained, and the previous order of the surrogate confirmed. From this order the appeal to this court is taken, and brings up the proceedings before the appraiser, and the subsequent proceedings before the surrogate.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

George McCann, for appellant.
Halliday & Denton (S. D. Halliday, of counsel), for respondent.

KELLOGG, J. The testimony taken before the appraiser would seem to support the determination of the surrogate as to the property of the estate liable to the transfer tax, but the report of the appraiser is not to be taken as final or conclusive. The statute (section 232, Tax Law) evidently contemplates that the surrogate may look elsewhere for evidence of value, etc. The statute referred to says: "From such report and other proof relating to any such estate before the surrogate" he shall determine the cash value of the estate; and it further provides that the surrogate may dispense with an appraiser altogether. It would seem, therefore, that the function of an appraiser is somewhat similar to that of a jury called by the court in an equity case to aid its conscience. The whole matter is with the surrogate, and continues with him until final determination after appeal. The purpose of the appeal from the surrogate to the surrogate is not simply to review his former determination. There is no occasion to limit it to that. The beneficial results of such a rehearing would be greatly diminished if the deter-

mination of the surrogate could not at that time be treated as so far open as to admit new testimony. The law relates to matter of public interest, and should receive such liberal construction as will tend to make it the most efficient. No possible harm can result to the estate to have it so construed. Laches could hardly be charged to the state in not presenting testimony sooner. It was the surrogate's duty to see that the taxes lawfully due were levied without diminution, and to admit testimony to that end, so long as the matter was not finally disposed of, and until the final order which placed it beyond his power.

It is insisted by the respondent that the proof offered "that the transfer was made in contemplation of death" would not make a case which could reach the $7,000 of property transferred. Perhaps not, but the surrogate could tell better after he had heard what the witnesses had to say about it. A state of facts might have been presented showing a transfer in contemplation of death, with all the incidental facts which attend a gift causa mortis. "Contemplation of death" is one of the features of a gift causa mortis. As to the force and meaning of the statute which makes transfers taxable when made "in contemplation of death," where the other elements of a gift causa mortis are absent, we express no opinion.

The order of the surrogate should be reversed, and the evidence offered should be received, $10 costs and disbursements allowed to appellant to be paid out of the estate. All concur.