as an interest capable of being held by the next of kin in an estate which has been so disposed by will that, so long as the will stands, such next of kin cannot partake of it.

In section 2614, among the persons who may propound a will, the devisees and legatees are named in contrast with "any person interested in the estate," and creditors are in turn distinguished from the "persons interested in the estate." Necessarily here "persons interested" are the next of kin and heirs at law; yet this section, in its application to a will in which the next of kin are not beneficially mentioned, not only distinguishes between a "person interested in the estate" and a devisee or legatee, but allows the next of kin to propound the will under which, if it prevails, he has no interest. If here the words "person interested in the estate" are employed to mean a person who is not among the devisees and legatees, the same words in the section under which the petitioner is proceeding may well mean another class of persons than devisees and legatees. The definition in section 2514, subd. 11, is easily susceptible of a meaning entirely consistent with these views, and, indeed, in the light of the paragraphs of the Code already quoted, such interpretation must be given to the definition. "Every person entitled, either absolutely or contingently, to share in the estate as * * * next of kin," may as well be a person whose right is contingent upon the possibility that the will and its probate may be found to have been invalid as one whose right is contingent upon the possibility that he may succeed a person who is primarily entitled to a present interest.

From these considerations it results that the interest, upon the possession of which depends the right to maintain the several proceedings heretofore considered, includes such possible relation to the estate as may accrue to the next of kin if the will, though already established, shall fail. In Matter of Goggin, 43 Misc. Rep. 233, 88 N. Y. Supp. 557, the observation is made that under section 2643 a next of kin having no interest in the estate under the will is not authorized to petition for the appointment of an administrator with the will annexed, but the remark is casually made and is not essential to the decision.

The petitioner in this case is entitled to apply for the appointment of an administrator with the will annexed.

Application granted.

(60 Misc. Rep. 645.)

### In re GIBBS' ESTATE.

(Surrogate's Court New York County.   October, 1908.)

1. TAXATION (§ 867*) — PROPERTY SUBJECT — LIFE INSURANCE POLICIES — INHERITANCE TAX.

    Policies of insurance on the life of a nonresident decedent are not taxable under Transfer Tax Law (Laws 1896, p. 868, c. 908) §§ 220–242, where they were enforceable in the state where the companies were incorporated, though they were in the state at the time of decedent's death.

    [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 867.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. TAXATION (§ 867*)—PROPERTY SUBJECT—INHERITANCE TAX.

 A negotiable note or a bond secured by real estate in the state of which decedent was a resident at the time of his death is subject to the transfer tax, if located in New York.

 [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1681–1684; Dec. Dig. § 867.*]

 In the matter of the estate of William W. Gibbs. From an order fixing the tax, the administrator appeals. Reversed, and report remitted for correction.

 William W. Gibbs, Sr., and Murphy &. Fultz, for appellant.
John S. Jenkins, for State Comptroller.

 BECKETT, S. Appeal by the administrator from an order fixing tax upon the ground that the appraiser erred in including in the taxable assets of the estate (1) the proceeds of a policy of insurance in the Home Life Insurance Company, a policy of insurance in the Mutual Life Insurance Company, a policy of insurance in the Royal Arcanum, and a policy of insurance in the Mystic Circle; (2) a note payable to decedent, which note was located in New York at the time of his death. Decedent was a resident of Virginia. No evidence was adduced before the appraiser to show in what state either of the insurance companies was incorporated; but from an affidavit submitted (without opposition) after the filing of the notice of appeal it appears that both the Royal Arcanum and the Mystic Circle are foreign corporations, and as the decedent was a nonresident of the state the policies in these companies are not taxable.

 The attorney for the respondent contends that, as the policies in the Mutual Life Insurance Company and the Home Life Insurance Company were in this state at the time of decedent's death, this matter is distinguishable from Matter of Gordon, 186 N. Y. 471, 79 N. E. 722, 10 L. R. A. (N. S.) 1089, where the policy in controversy was located outside the state. This contention, however, is untenable, as the point upon which the Gordon Case was decided by the Court of Appeals, and differentiated from the other cases decided by that court in which it had been held that an indebtedness due from a resident to a nonresident was taxable, was that in the Gordon Case it was not necessary for the creditor to come to this state and invoke the assistance of our courts for the purpose of enforcing his claim. In the matter under consideration the affidavit filed by the administrator shows that both the Home Life Insurance Company and the Mutual Life Insurance Company had sufficient property in the state of Virginia to satisfy the claims of the decedent, and that a person upon whom process could be served had been designated in that state by each of these companies. Therefore the administrator could have enforced his claim against these companies without being obliged to seek the intervention of our courts. These policies of insurance, therefore, come within the principle laid down in the Gordon Case and are not taxable. Matter of Gordon, 186

---

N. Y. 471, 79 N. E. 722, 10 L. R. A. (N: S.) 1089; Matter of Horn, 39 Misc. Rep. 133, 78 N. Y. Supp. 979.

In the affidavit submitted by the administrator the note payable to decedent is described as "mortgage on property in the state of Virginia," while the appraiser in his report describes it as "note on property in the state of Virginia." The papers do not contain a copy of the note, nor any description of it, which would enable the court to determine whether it is an ordinary promissory note or an obligation in the shape of a bond secured by real estate in Virginia. If it is to be regarded as a negotiable promissory note, it is taxable. Matter of Wall, N. Y. Law J., Jan. 17, 1905, affirmed without opinion, 105 App. Div. 643, 94 N. Y. Supp. 1166; Blackstone v. Miller, 188 U. S. 189, 23 Sup. Ct. 277, 47 L. Ed. 439. If it is to be regarded as a bond, the fact of its having been located here at the time of decedent's death makes it taxable. Matter of Whiting, 150 N. Y. 27, 44 N. E. 715, 34 L. R. A. 232, 55 Am. St. Rep. 640; Matter of Morgan, 150 N. Y. 35, 44 N. E. 1126.

The order fixing tax should be reversed, and the report remitted to the appraiser for correction.

Order reversed, and report remitted to appraiser for correction.