(83 Misc. Rep. 681)
## In re HIRSCH'S ESTATE.

### (Surrogate's Court, New York County. January 15, 1914.)

TAXATION (§ 880*)—INHERITANCE .TAX—TRANSFERS TAXABLE—"BEQUEST"—
"RELEASE"—"DISCHARGE."

> Where. a testator released and discharged a son from any and all claims
> and demands which he had against the son, there was, within the contem-
> plation of the Transfer Tax Act (Consol. .Laws, c. 60, §§ 220–245), a trans-
> fer to the son of an amount equal to. his indebtedness to the testator,
> since to constitute a "bequest" it is not essential that a testator use the
> word "give" or "bequeath," or other word of similar significance, and the
> words "release" and "discharge," as used, convey the same meaning.

> [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1703, 1704;
> Dec. Dig. § 880.*

> For other definitions, see Words and Phrases, vol.. 2, pp. 758; vol. 8, p.
> 7589; vol. 7, pp. 6058–6060; vol. 8, p. 7783; vol. 3, pp. 2083–2086; vol.
> 8, p. 7638.]

Proceeding to assess the inheritance tax on the estate of Joseph
Hirsch. From the report of the appraiser, and the order entered there-
on, the executor appeals. Report and order affirmed, and appeal dis-
missed.

Harry F. Mela, of New York City (Samuel C. Steinhardt, of New
York City, of counsel), for executor.

Thomas E. Rush, of New York City, for State Comptroller.

FOWLER, S. I have delayed deciding this matter too long, but
it involves a point of some nicety. In the testator's will it is provided
in the clause marked "fourteenth" as follows:

> "I hereby release and discharge my son, Louis Hirsch, of and from any
> and all claims and demands of every nature which I may have against him
> at the time of my death."

The transfer tax appraiser, in his report on said estate, found that
this disposition of the testator, when put into effect, became a transfer
of property under the law, and is therefore taxable. From his re-
port and the order entered thereon the executor appeals.

From said report it appears that the testator and his said son had
been copartners in business, and that upon the dissolution of this co-
partnership the son had given to his father "a sealed instrument,"
in which he agreed to discharge the indebtedness due his father grow-
ing out of said copartnership. It further appears that at the time
of testator's death there was a balance due to him growing out of
this transaction, to wit, the sum of $27,866.67. This was the amount
of money disposed of, as shown by the said clause "fourteenth" of
testator's will, and the transfer of which was held to be taxable as
a transfer of property.

The appellant contends that, inasmuch as the passage of this prop-
erty was by means of a release and discharge, it was not such a trans-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fer of property contemplated by the statute as would make it taxable. In the Matter of Wood, 40 Misc. Rep. 155, 81 N. Y. Supp. 511, Surrogate Thomas said:

"The first clause of decedent's will is, in part, as follows: 'I hereby direct my executor, hereinafter named, to withdraw one-half of each of the claims and demands which have been presented by me, or on my behalf, to the executrix of the will of my deceased brother, Benjamin Wise, and not to collect any more than one-half of the same from said executrix, and I hereby forgive one-half of said claims and demands against my said brother's estate.' The claims referred to were two promissory notes made by said brother, and the above provision must be regarded as a bequest. To constitute a bequest it is not essential that a testator use the word 'give,' or the word 'bequeath,' or any other word of similar significance."

In Matter of Wood the use of the word "forgive" was held to convey the same meaning as the word "bequeath" or the word "give" as ordinarily used, and hence the words "release" and "discharge" must be regarded as so used in the fourteenth clause of testator's will. In the case at bar the financial condition of the son, Louis Hirsch, is certainly improved to the extent of $27,866.67 by the provision of his father's will, and the latter's estate to that amount diminished. The result, in any proper view of it, as it seems. to me, was simply a transfer within the contemplation of the Transfer Tax Act (Consol. Laws, c. 60, §§ 220–245).

The transfer tax appraiser's report and the order entered thereon are affirmed, and the appeal therefrom dismissed. Settle order on notice.