(93 Misc. Rep. 413)

In re MILLS' ESTATE.

(Surrogate's Court, New York County.   January 21, 1916.)

1. TAXATION ⚫⇒895—INHERITANCE TAX—ORDER FOR FURTHER TESTIMONY—
POWER OF SURROGATE.

In a proceeding to fix the inheritance tax on personal property of an
estate, an order of the surrogate, entered on stipulation of the parties,
remitting the matter to the appraiser for the taking of further testimony,
without vacating or reversing the order assessing the tax, was an order
authorizing the appraiser to take further testimony in regard to the
property, held upon decedent's account by a third party to enable the
court to determine the question of law presented by the appeal; such
order being within the power of the surrogate.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721;
Dec. Dig. ⚫⇒895.]

2. TAXATION ⚫⇒895—TRANSFER TAX—APPEALS—STATUTES.

Under Tax Law (Consol. Laws, c. 60) § 232, giving the state comptroller
the absolute right of appeal from a pro forma order fixing a tax, the
surrogate must entertain his appeal and determine the questions thereby
presented, regardless of the motives of the appeal or the effect of his
decision on the interests of the state, and orders entered upon an ap-
praiser's original report and upon his supplemental reports were merely
pro forma, and the surrogate had the right to determine the question
presented by the appeal, and until his determination there was no right
to appeal to the Appellate Division.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721;
Dec. Dig. ⚫⇒895.]

3. TAXATION ⚫⇒866—DECEDENT'S ESTATE—INHERITANCE TAX—DISTRIBUTION
—NEXT OF KIN.

Decedent, a traveling salesman, by virtue of an agreement entered into
with his employer, was entitled to a certain percentage of the employer's
profits from the conduct of its business, payable at the end of each third
year, though the employer's books showed the profits or loss at the end
of each year, and who had established such account, so that his wife
could draw money therefrom, if needed, during his absence, though there
was no showing that she knew of such account, did not confer upon his
surviving wife the right of survivorship; but the account was a part of
the decedent's estate, distributable among his next of kin in accordance
with the intestate laws.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. ⚫⇒866.]

4. HUSBAND AND WIFE ⚫⇒49½—GIFT TO WIFE—PRESUMPTION.

A deposit by a husband in the name of himself and wife raises a pre-
sumption that he intends to confer upon his wife the right of sole own-
ership to the deposit in the event of her survivorship only where there is
no evidence to explain the purpose of the deposit.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 249–
255, 257;  Dec. Dig. ⚫⇒49½.]

Proceeding to appraise the estate of Sidney B. Mills, deceased.
From an order entered upon an appraiser's report, the State Comp-
troller appeals.   Affirmed.

John S. Jenkins, of New York City, for State Comptroller.
Salter & Steinkamp, of New York City, for administrators.

FOWLER, S.   The appeal taken by the state comptroller from the
order entered upon the appraiser's report brings up for review the

finding of the appraiser in regard to the sum of $92,730.35 standing on the books of Rogers, Peet & Co. to the credit of "S. B. Mills or Maria F. Mills." The appraiser reported that this sum constituted a part of the assets of decedent's estate and that it passed to his next of kin in accordance with the provisions of the intestate laws of this state. The state comptroller contends that the form of the account shows that it was a joint account, and that as the decedent was survived by his wife the amount standing to the credit of the account on the date of decedent's death became her property absolutely by right of survivorship. The administrators of the estate raise a preliminary question involving the right of the state comptroller to appeal from the order of this court entered the 4th of October, 1915. The papers before me show that the appraiser originally appointed to appraise the decedent's estate filed his report on April 29, 1913, and that an order assessing a tax upon the estate of decedent in conformity with the findings of the appraiser was entered on the 6th day of May, 1913; that an appeal was taken to the surrogate from the pro forma order fixing tax; and that the question presented by the appeal was whether the appraiser was correct in finding that the amount on deposit with Rogers, Peet & Co. constituted a part of the assets of decedent's estate.

[1] When the appeal came up for argument the attorneys for the respective parties consented that the appraiser's report be remitted to him for the purpose of taking further testimony in regard to the account with Rogers, Peet & Co. The question of law raised by the notice of appeal was not argued before the surrogate, and was not decided at that time. An order was entered in accordance with the stipulation of the parties, and the matter was remitted to an appraiser for the purpose of taking further testimony. The appraiser subsequently filed a report confirming in all respects the original report, and an order was entered on this supplemental report on the 4th day of October, 1915, which ratified and confirmed the order assessing tax entered on the 6th day of May, 1913. The administrators contend that the appeal from this order should be taken to the Appellate Division and not to the surrogate. When the appeal from the original order was before the surrogate, it was deemed necessary to the proper determination of the question raised by the appeal that further testimony be taken concerning the circumstances attendant upon the opening of the account with Rogers, Peet & Co., and the matter was remitted to the appraiser for that purpose. But the order assessing the tax was not vacated or reversed, so that the effect of the order remitting the report was to authorize the appraiser to take such further testimony in regard to the account with Rogers, Peet & Co. as would enable the court to satisfactorily and intelligently determine the question of law presented by the appeal. This the surrogate had the power to do. Matter of Westurn, 152 N. Y. 93, 46 N. E. 315; Matter of Thompson, 57 App. Div. 317, 68 N. Y. Supp. 18; Matter of Gibbs, 60 Misc. Rep. 645, 113 N. Y. Supp. 939.

[2] The appraiser took testimony and filed a supplemental report. That part of the supplemental report which attempted to confirm the

original report was merely surplusage, and the same characterization applies to that part of the order entered upon the supplemental report which ratified and confirmed the original order fixing tax. At that time there had been no judicial determination of the question presented by the appeal, and until such a determination has been made by the surrogate acting as a judicial officer no appeal lies to the Appellate Division. Matter of Costello, 189 N. Y. 288, 82 N. E. 139. The orders entered upon the original and supplemental reports of the appraiser were merely pro forma, and it is from the judicial review of these orders by the surrogate that an appeal lies to the Appellate Division. Matter of Costello, supra; Matter of Victor, 160 App. Div. 32, 144 N. Y. Supp. 918. The preliminary motion made by the administrators to dismiss the appeal on this point is therefore denied. The administrators also contend that the appeal of the state comptroller should be dismissed because a decision in accordance with his contention would result in reducing the tax which has been assessed upon the distributive shares of the next of kin by the order appealed from. The statute (section 232 of the Tax Law) gives the state comptroller the absolute right of appeal from a pro forma order fixing tax, and the surrogate must entertain the appeal and determine the questions presented by it irrespective of the motives which prompted the taking of the appeal or the effect of his decision upon the interests of the state of New York.

[3] I shall now proceed to consider the appeal on its merits. The testimony taken before the appraiser shows that the decedent was a traveling salesman employed by Rogers, Peet & Co., and that by virtue of an agreement entered into with the company he was entitled to a certain percentage of the profits realized by the company from the conduct of its business. These profits, however, were not payable, except at the end of every third year. The agreement did not provide that a percentage of the annual profits be paid to the decedent at the end of each year, but that his percentage should be based upon the net profits resulting from the operation of the business for a period of three years. The books of the company showed at the end of each year the profit or loss realized by the company during the preceding year; but the decedent was not entitled to his proportion of such profits until the expiration of three years, and if the business of the company during a period of three years showed a profit, the decedent was entitled to a percentage of such profit. The papers before me do not disclose the particular time when the name of the decedent's wife was included with that of the decedent on the account books of the company. The only evidence in regard to the intention of the decedent in opening the account is contained in the testimony given by his son. He testified that the account was opened so that his mother could draw money if she needed it while his father was away. He also testified that his mother never exercised the right to draw any part of the sum on deposit with Rogers, Peet & Co., and there is no testimony that she even knew of the existence of the account. The courts have held that a deposit made by a husband in the name of himself and his wife raises a presumption that the husband intended to

confer upon his wife the right of sole ownership to the deposit in the event of her surviving him. West v. McCullough, 123 App. Div. 846, 108 N. Y. Supp. 493, affirmed 194 N. Y. 518, 87 N. E. 1130; Matter of Tilley, 166 App. Div. 240, 151 N. Y. Supp. 79; Matter of Thompson, 167 App. Div. 356, 153 N. Y. Supp. 164.

[4] But this presumption of intention will be indulged in only when there is no explanation of the conditions under which the account was opened or evidence of the agreement entered into by the parties at that time. If there is evidence of such an agreement, or of the intent of the parties, there is no presumption, and the intention of the parties will be given effect. In the matter under consideration there is evidence that the decedent in having the name of his wife entered on the books of Rogers, Peet & Co. in connection with his own intended to empower her to draw money from that account if she needed it during his absence from the city. As her right to draw any money from the account was limited to that contingency, and the evidence shows that it was not the intention of the decedent to confer upon her the absolute right to the amount on deposit in the event of her surviving him, it must be held that the amount on deposit with Rogers, Peet & Co. at the time of decedent's death constituted a part of his estate, and was distributable among the next of kin in accordance with the provisions of the intestate laws.

As the order assessing a tax upon the estate provides for a distribution of the estate and a taxation of the distributive shares in accordance with this decision, the order is affirmed.