Matter of the Appraisal of the Estate of Charles J. Buchanan, Deceased, Pursuant to Article X of the Tax Law, Relating to Taxable Transfers.

(Surrogate's Court, Albany County, July, 1917.)

Transfer tax — what subject to — evidence — savings banks — Banking Law, § 249.

> While section 249 of the Banking Law declares that the making of a deposit in a savings bank in the form of a joint survivorship account shall be conclusive evidence in any action or proceeding of the intention of both depositors to vest title in the survivor, yet such presumption must yield to proof of the actual purpose or agreement of the parties to the contract.

> Where the sister-in-law of decedent, an attorney at law, sent money to him with a request that he deposit it in savings banks in such convenient manner that he could make withdrawals as she might request, and at the time of his death there were four several accounts in savings banks, and it clearly appears that there was never any purpose on his part to acquire title in any event to any of such moneys, no part thereof is subject to a transfer tax as a part of his estate.

Appeal from a decree assessing and fixing a transfer tax upon four several accounts in savings banks.

Randall J. Le Boeuf and Edwin L. Fowler, for State Comptroller.

Visscher, Whalen & Austin, for appellants.

Van Derzee, S. This is an appeal from a decree assessing and fixing a transfer tax upon four several accounts in savings banks which at the time of the death of the decedent, which occurred January 7, 1916, had attached to them his name and the name of Elizabeth A. Rawolle, in form and manner hereinafter stated.

The aggregate amount of these deposits was

$10,067.15, of which, after deducting the statutory exemption of $1,000, the appraiser has assessed $9,067.15, as part of the decedent's estate, at the rate of five per cent. From this determination by the appraiser an appeal is taken by the executrix of the will and also by Mrs. Rawolle.

The facts of the case are as follows:

In September, 1911, Elizabeth A. Rawolle sent to her brother-in-law, Charles J. Buchanan, the sum of $9,000 with a request that he deposit it in savings banks in Albany in such convenient manner that he could make necessary withdrawals as she might request. Mrs. Rawolle was at that time sojourning with her daughters, who were married to army officers stationed at various military posts in different part of the country.

Mr. Buchanan deposited the whole amount in savings banks in the city of Albany, in the following manner:

" The Home Savings Bank of Albany, N. Y., in account with Elizabeth A. Rawolle or Charles J. Buchanan, her attorney." Upon the envelope containing this bank-book there was indorsed, in the handwriting of Mr. Buchanan, the following: " This entire deposit, both principal and interest, belongs solely and individually to Elizabeth A. Rawolle. Charles J. Buchanan."

" The Albany County Savings Bank in account with Elizabeth A. Rawolle or Charles J. Buchanan as her attorney; pay to either or the survivor." Upon the envelope containing this pass-book there is indorsed in the handwriting of Mr. Buchanan the following: " This entire deposit, principal and interest, belongs exclusively and individually to Elizabeth A. Rawolle. Charles J. Buchanan."

"Albany Exchange Savings Bank in account with

Charles J. Buchanan or Elizabeth A. Rawolle, his sister-in-law; payable to either or the survivor of either." Upon the envelope containing this pass-book there is indorsed, in the handwriting of Mr. Buchanan, the following: "Money for this account drawn from Albany Savings Bank July 2, 1912, and belongs to Elizabeth A. Rawolle exclusively and individually. Charles J. Buchanan."

"The Albany City Savings Institution in account with Charles J. Buchanan or Elizabeth A. Rawolle; payable to either or the survivor of them." In the savings bank-book there was written, at the direction of Mr. Buchanan, the following: "It is hereby understood that this money belongs to Elizabeth A. Rawolle individually and the name of Charles J. Buchanan is placed hereon for convenience only." There is indorsed on the envelope containing this pass-book, in the handwriting of Mr. Buchanan, the following: "This entire deposit, principal and interest, belongs exclusively and individually to Elizabeth A. Rawolle. Charles J. Buchanan."

In October, 1912, Mrs. Rawolle returned to Albany and took up her residence in the household of Mr. Buchanan and remained there until his death. In February, 1913, Mrs. Rawolle rented a safe deposit box and placed therein the four above described pass-books, having received them from Mr. Buchanan, and thereafter attended personally to each deposit and withdrawal of money made in all of the accounts and maintained full and exclusive control and ownership of the several accounts. Mr. Buchanan stated repeatedly that none of the money on deposit in any of the four accounts was his property, but that all of the money was the sole property of Mrs. Rawolle.

From this state of facts it is difficult to see how the comptroller hopes to impress a tax thereon under any

Misc.]    Surrogate's Court, Albany County, July, 1917.

provision of the Transfer Tax Law. It is his contention that section 249 of the Banking Law by its terms establishes the rights of parties to the form of a joint survivorship account. The purpose of this section of the Banking Law has already received judicial interpretation and while the section in terms declares the making of a deposit in such form shall be conclusive evidence in any action or proceeding of the intention of both depositors to vest title in the survivor, yet such presumption must yield to proof of the actual purpose or agreement of the parties to the contrary. *Matter of Mills,* 93 Misc. Rep. 413; *Clary* v. *Fitzgerald,* 155 App. Div. 659; *Wood* v. *Zornstorff,* 59 id. 538.

The question then in this proceeding is one of intention of the parties, to be determined by presumption only in the absence of rebutting proof. The testimony in this case clearly shows that there never was any purpose on the part of Mr. Buchanan to acquire title, in any event, to any of the moneys deposited in the foregoing accounts. He seems to have done everything, by declaration to persons who might be interested, by indorsements in his own handwriting upon the containers of the pass-books, as well as by statements made to the officers of the bank wherein the account was made, to divest himself and any who might succeed him thereafter of any possible claim or interest in these moneys.

There was then no succession of this property by reason of the death of Mr. Buchanan, nor were there any rights acquired by Mrs. Rawolle by reason of the death of Mr. Buchanan which she did not enjoy and fully possess immediately before his demise, and there can, therefore, be no succession tax within the meaning and purpose of the Transfer Tax Law.

The report of the transfer tax appraiser and the

decree confirming the same should be modified by eliminating therefrom the assessment of the four accounts hereinbefore detailed and by striking from the decree the assessment of any tax thereon.

Decree modified.