In the Matter of the Transfer Tax upon the Estate of
JACOB E. SOLTAU, Deceased.

(Surrogate's County, Bronx County, July, 1921.)

Transfer tax — appeal — permission to submit further evidence owing to war conditions.

Where the notice of appeal from an order assessing a transfer tax is broad enough to raise the question whether certain legacies were charges upon the real estate of decedent, who died in Germany, the appellant may be permitted to submit further evidence upon that question, which because of war con-

Surrogate's Court, Bronx County, July, 1921. [Vol. 116.

ditions it was impossible to obtain from residents of Germany, when the appeal was taken.

*Matter of Rockefeller,* 177 App. Div. 786, distinguished.

PROCEEDINGS on appeal from an order assessing tax.

Rudolph C. Schaider, for petitioner.

John Boyle, Jr., for state comptroller.

SCHULZ, S. One of the questions discussed in the brief of the appellant was whether or not the legacies contained in the will were charges upon the real estate of the decedent.

Counsel for the appellant stated that if it were possible for him to communicate with residents of Germany, where the decedent died, evidence might be obtained which would throw light upon the testator's intention in that regard, but that the difficulties arising out of the state of war then existing made it impossible for him to obtain information from such source when the appeal was taken.

I believe the notice of appeal to be broad enough to cover the question involved and no objection has been made on that ground. Where such is the case, evidence may be submitted after the appeal has been taken. Tax Law, § 231; Laws of 1909, chap. 62; Cons. Laws, chap. 60; *Matter of Thompson,* 57 App. Div. 317. In *Matter of Thompson, supra,* the court said (p. 319) : " The purpose of the appeal from the surrogate to the surrogate is not simply to review his former determination. There is no occasion to limit it to that. The beneficial results of such a rehearing would be greatly diminished if the determination of the surrogate could not at that time be treated as so far open as to admit new testimony. The law relates to matter of public interest and should receive such

liberal construction as will tend to make it the most efficient. * * * It was the surrogate's duty to see that the taxes lawfully due were levied without diminution, and to admit testimony to that end so long as the matter was not finally disposed of and until the final order which placed it beyond his power." See also as bearing upon the subject, *Matter of Westurn,* 152 N. Y. 93; *Matter of Mills,* 93 Misc. Rep. 413; *Matter of Kelly,* 29 id. 169; *Matter of Bentley,* 31 id. 656.

I do not read *Matter of Rockefeller,* 177 App. Div. 786, 788, 789, to be to the contrary. In that poceeding it was held that the notice of appeal shall state the grounds upon which the appeal is taken and none but those specified may be considered, and hence evidence bearing upon other possible grounds should not be received pending appeal. In the matter now before me, there was no contention that the notice of appeal is not broad enough to raise the question as to which evidence is sought to be introduced.

In the interests of justice, and with the acquiescence of counsel, I have held my decision in abeyance until this time. I am now advised that the appellant is prepared to submit further evidence, and I will, therefore, place the matter upon my calendar for September fourteenth to give him an opportunity to do so. Serve notice of hearing accordingly.

Ordered accordingly.