STATE EX REL. A. J. MARSH AND ANOTHER v. PROBATE
COURT OF COUNTY OF ST. LOUIS.[1]

October 22, 1926.

No. 25,680.

**When succession tax is not affected by value, form or location of security held for payment of debts to decedent.**

1. Debts due a nonresident decedent from residents of this state come within the operation of the succession tax, and such tax is not affected or avoided by the amount, form, value or location of any security held by decedent for their payment.

**Tax not affected when will requires debt from legatee to be deducted from bequest.**

2. That the will of the nonresident provided that the amount of the debt owing at the time of her death from a resident of this state should be deducted from the amount bequeathed the debtor does not avoid or reduce the tax.

Taxation, 37 Cyc. p. 1562 n. 13; p. 1577 n. 43 New.

See note in 4 L. R. A. (N. S.) 953; L. R. A. 1916A, 894; 26 R. C. L. 215.

Certiorari to review action of probate court for St. Louis county Gilpin, J., in fixing the inheritance tax on the estate of Cordelia Truax. Affirmed.

*A. J. Marsh, A. H. Shoemaker* and *Jacques & Hudson,* for relators.
*Clifford L. Hilton,* Attorney General, and *Albert F. Pratt,* Assistant Attorney General, for respondent.

HOLT, J.

Certiorari to review the action of the probate court of St. Louis county in fixing the succession or inheritance tax in the estate of Cordelia Truax.

[1]Reported in 210 N. W. 389.

The pertinent facts are not in dispute. Cordelia Truax died testate, a resident of Wisconsin. She had lived in that state for many years. She left a large estate, among the assets of which were some lands in this state, and certain promissory notes executed by three residents of Minnesota. To perfect a record title to the land, ancillary probate of the will was instituted in the probate court of St. Louis county and, as required by statute, proceedings were had in that court to determine the succession tax. No question is made as to the tax fixed because of the land, but the action of the court, in holding that the debts due the estate from the three residents of this state have a situs here so as to require the payment of a tax, is vigorously assailed. The one debtor was a Mrs. Sproat, a resident of St. Paul. She was also a legatee. She had given several notes to testatrix aggregating in value $13,042.54, the amount of $7,249.67 thereof being secured by a second mortgage upon lands in this state. The will provided that, if any legatee was indebted on notes to the estate, the amount of such indebtedness was to be deducted from the amount bequeathed. Under that provision the executors have paid her $112,000 in instalments, after first deducting the amounts due on the notes. George Lammers, another debtor, resides at Stillwater. Testatrix held his note for $13,000, secured by 50 shares of stock of a Wisconsin corporation, worth at least $400 a share. The note and the collateral stock were all the time in the possession of the testatrix at her home in Eau Claire, Wisconsin. The third debtor of the estate was Henry Turrish, a resident of Duluth. He owed $116,089.96 upon a promissory note secured by shares of stock in corporations of Minnesota, Oregon and Washington. The shares in the foreign corporations were worth at least $110,062.50, and in the Minnesota corporation $335,400. The note as well as the shares was in the possession of Cordelia Truax when she died, and had been in her possession since the note was delivered to her at Eau Claire. The court measured the tax by the full value of the debt due from each of the three persons named at the death of Cordelia Truax.

The decision in State ex rel. Graff v. Probate Court, 128 Minn. 371, 150 N. W. 1094, L. R. A. 1916A, 901, controls the instant case, where it was held, as stated in the syllabus, that: "The devolution of debts owed by residents of this state, whether evidenced by promissory notes or not * * * is subject to a succession tax in this state, although the debts were owing to * * * nonresident decedents."

But it is said that because of the collateral security there was no occasion to resort to the courts of this state to enforce the notes against the debtors here residing, and decisions fixing the situs of debts, due a nonresident decedent, at the domicile of the debtor, for the purpose of succession taxation, have stressed the fact that recourse may be had to the courts of the debtor's domicile to enforce the debt. Therefore when, as here, there is ample security in the hands of the executors in Wisconsin, there is no occasion to come to the courts of Minnesota to enforce collection against the debtors personally. We do not believe it sound to make the question whether or not there may be a necessity to so enforce the debt determinative of the right to tax. In Blackstone v. Miller, 188 U. S. 189, 23 Sup. Ct. 277, 47 L. ed. 439, Justice Holmes says:

"What gives the debt validity? Nothing but the fact that the law of the place where the debtor is will make him pay. It does not matter that the law would not need to be invoked in the particular case. * * * Power over the person of the debtor confers jurisdiction, we repeat. And this being so we perceive no better reason for denying the right of New York to impose a succession tax on debts owed by its citizens than upon tangible chattels found within the State at the time of the death."

To differentiate between debts because of the manner in which they may be secured, or because of the extent of the security, or the nature thereof, whether by real estate in the state of the debtor or other states, or by shares of stock in a domestic or foreign corporation, would introduce uncertainty in the administration of the law and make for inequality and likely for more injustice than if the test is made to depend alone upon the residence of the debtor.

Relators claim that on the principle applied in State v. Chadwick, 133 Minn. 117, 157 N. W. 1077, 158 N. W. 637, there was no need of looking to the debtor at all. The security was in the hands of. the executors and could be there realized upon for full payment. We shall not stop to consider whether the reasoning in that case is sound or to what extent, if any, practical considerations controlled the decision; there is, however, a distinction between an individual debtor and a railroad corporation that has issued bonds secured by a mortgage on its railway system and right of way extending through several states where jurisdiction of the company may be obtained without going into the courts of its domicile. In the case where an individual is debtor no jurisdiction can be obtained to render a personal judgment against him except in the courts of his domicile, unless he departs therefrom or voluntarily submits himself to the courts of another state. Besides railway lines, possibly foreign corporations and insurance companies may be found which are made to respond to courts of this state by reason of being licensed to do business herein, so that when these are debtors of a nonresident decedent the debt will not be subject to a succession tax here under the Chadwick case. Matter of Gibbs, 60 Misc. 645, 113 N. Y. Supp. 939. But that is not this case. Fuller v. South Carolina Tax Comm. 128 S. C. 14, 121 S. E. 478, is on all fours with the Chadwick case, which served for a precedent there and does not control here.

It is claimed that no succession tax could be imposed because of the transfer of the debt from Mrs. Sproat, since that was deducted from the bequest to her. The debt or claim passed from Cordelia Truax at the time of her death, and the tax then became a charge. The following authorities hold, as we think rightly, that the direction to pay the debt out of the bequest does not defeat the tax. State v. Mollier, 96 Kan. 514, 152 Pac. 771, L. R. A. 1916C, 551; In re Rothschild, 71 N. J. Eq. 210, 63 Atl. 615; Matter of Gould, 156 N. Y. 423, 51 N. E. 287; Matter of Hirsch, 83 Misc. 681, 145 N. Y. Supp. 305.

The order is affirmed.