## IN RE ESTATE OF HENRY R. TAYLOR.[1]

No. 26,609.

April 13, 1928.

' Note 1. The following paragraphs of the syllabus numbered 1, 2, 3 were vacated and annulled by the opinion of September 28, 1928. See last paragraph of that opinion, infra, p. 315. [Reporter]

1. In the imposition of an inheritance tax in Minnesota, public securities consisting of state bonds, certificates of indebtedness and bonds of municipalities owned by a nonresident at the time of his death are tangibles and are treated as property in the state where they are found. To subject them, when out of our state, to the operation of our inheritance tax law would be in violation of the fourteenth amendment to the United States constitution.

2. The rule applies to both registered and unregistered bonds.

3. To ascertain the "clear value" of the property upon which the inheritance tax is to be imposed, it is proper to deduct the amount paid as an inheritance or succession tax in another state.

AFTER REARGUMENT.

September 28, 1928.

**State public securities owned by nonresident are intangibles with a situs at his domicile.**

1. In the imposition of an inheritance tax in Minnesota, state bonds, state certificates of indebtedness and bonds of municipalities owned by a nonresident at the time of his death are intangibles having a situs at the domicile of the owner.

**Such securities are subject to Minnesota inheritance tax.**

2. Such intangibles are subjected to an inheritance tax in this state upon the theory that the owner may invoke our laws. State ex rel. Graff v. Probate Court, 128 Minn. 371, 150 N. W. 1094, and State ex rel. Marsh v. Probate Court, 168 Minn. 508, 210 N. W. 389, followed.

Taxation, 37 Cyc. p. 1562 n. 12; p. 1564 n. 32.

[1]Reported in 219 N. W. 153, 221 N. W. 64.

The state appealed from an order of the district court for Ramsey county, Bechhoefer, J. modifying and reversing the findings of the attorney general made on an application by the executors of the estate of Henry R. Taylor to determine the inheritance tax due the state of Minnesota from the estate. . Reversed after reargument.

*G. A. Youngquist,* Attorney General, and *John F. Bonner,* Assist-. ant Attorney General, for the state.

*Cadwalader, Wickersham & Taft* and *Davis, Severance & Morgan,* for respondents.

**Note 2. The following opinion was vacated and annulled, after reargument, by that of September 28, 1928. See last paragraph of opinion, infra, p. 315. [Reporter]**

On April 13, 1928, the following opinion was filed:

WILSON, C. J.

The state appealed from an order modifying and reversing the findings of the attorney general made on an application by the executors to determine the inheritance tax due the state of Minnesota from the estate of Henry R. Taylor, deceased.

Decedent was a resident of New York. At his death he owned bonds issued by the cities of St. Paul and Minneapolis, rural credit bonds issued by the state of Minnesota, and certificates of indebtedness of the state of Minnesota issued by the soldiers bonus board. The aggregate value with interest accrued is $344,377.16, of which $175,000 are registered in the name of the deceased, the remainder being payable to bearer.

1. If the securities had consisted of mere debts, promissory notes or promissory notes secured by mortgages, the state would have jurisdiction to impose and collect the inheritance tax. At least such has been our holding. State v. Western Union Tel. Co. 96 Minn. 13, 104 N. W. 567; State ex rel. Graff v. Probate Court, 128 Minn. 371, 150 N. W. 1094, L. R. A. 1916A, 901; State v. Chadwick, 133 Minn. 117, 157 N. W. 1076, 158 N. W. 637, L. R. A. 1916E, 1288; State ex rel. Marsh v. Probate Court, 168 Minn. 508, 210 N. W.

389. These decisions find support in Liverpool & L. & G. Ins. Co. v. Orleans Assessors, 221 U. S. 346, 31 S. Ct. 550, 55 L. ed. 762, L. R. A. 1915C, 903; Met. Life Ins. Co. v. City of New Orleans, 205 U. S. 395, 27 S. Ct. 499, 51 L. ed. 853; Buck v. Beach, 206 U. S. 392, 403, 27 S. Ct. 712, 51 L. ed. 1106, 11 Ann. Cas. 732, wherein it is said: "The rule giving jurisdiction where the specialty may be found, has no application to a promissory note." In Wheeler v. Sohmer, 233 U. S. 434, 34 S. Ct. 607, 58 L. ed. 1030, the Buck case is distinguished upon the theory that a distinction may exist to permit the operation of an inheritance tax when the presence of the property within the state is insufficient to permit the imposition of a property tax— a distinction which has been somewhat jarred by the case of Rhode Island H. T. Co. v. Doughton, 270 U. S. 69, 81, 46 S. Ct. 256, 70 L. ed. 475, 43 A. L. R. 1374. But in the latter case bonds are, perhaps inadvertently, included in "intangibles."

Public securities consisting of state bonds, certificates of indebtedness, bonds of municipalities, like circulating notes of banking institutions, are in a distinct class and have acquired the character of and are treated as property in the place where they are found regardless of the domicile of the owner; and such securities are treated and pass as money wherever they are. This theory and conception of the law is now well established in the understanding of modern business. Such public securities are considered and recognized as more than mere evidences of debt, which are treated as inseparable from the papers which declare and constitute them; and they are, not wholly arbitrarily, advanced to this special class because of the integrity of the public faith pledged for their payment and because of their concrete tangible form. State Tax on Foreign-held Bonds, 15 Wall. 300, 21 L. ed. 179; City of New Orleans v. Stempel, 175 U. S. 309, 20 S. Ct. 110, 44 L. ed. 174; Blackstone v. Miller, 188 U. S. 189, 23 S. Ct. 277, 47 L. ed. 439; Buck v. Beach, 206 U. S. 392, 27 S. Ct. 712, 51 L. ed. 1106, 11 Ann. Cas. 732; Wheeler v. Sohmer, 233 U. S. 434, 34 S. Ct. 607, 58 L. ed. 1030; DeGanay v. Lederer, 250 U. S. 376, 381, 39 S. Ct. 524, 63 L. ed. 1042; Maguire v. Trefry, 253 U. S. 12, 15, 40 S. Ct. 417, 64 L. ed. 739; 4 Dillon, Mun.

Corp. (5 ed.) § 1399; Silberman v. Blodgett, 105 Conn. 192, 134 A. 778.

This principle finds support in a public policy which encourages making public securities attractive to investors so that they may be floated on terms most advantageous to the public. It results in a holding that such securities are tangible property. When so considered the matter of taxation is simple. The power of taxation is necessarily limited to subjects within the jurisdiction of the state. State Tax on Foreign-held Bonds, 15 Wall. 300, 21 L. ed. 179; McCulloch v. Maryland, 4 Wheat. 316, 429, 4 L. ed. 579; Frick v. Pennsylvania, 268 U. S. 473, 45 S. Ct. 603, 69 L. ed. 1058, 42 A. L. R. 316. This is true whether the tax is upon property or is an inheritance tax. The devolution of the property of a nonresident cannot be taxed unless the state has jurisdiction of the property. Rhode Island H. T. Co. v. Doughton, 270 U. S. 69, 46 S. Ct. 256, 70 L. ed. 475, 43 A. L. R. 1374. The tax should be imposed in the state where tangible property is located. We believe the power of taxation must eventually be construed so that such property can be subjected to an inheritance tax in but one state. The legislature has no authority to enact a law to operate upon property in another state. Jurisdiction is as necessary to valid legislation as to valid judicial action. If we construe the law imposing the inheritance tax as operative upon or applicable to the property here involved, we are of the opinion that it would be in violation of the fourteenth amendment to the United States constitution. Met. Life Ins. Co. v. City of New Orleans, 205 U. S. 395, 27 S. Ct. 499, 51 L. ed. 853; Frick v. Pennsylvania, 268 U. S. 473, 45 S. Ct. 603, 69 L. ed. 1058, 42 A. L. R. 316; Union Refrigerator Transit Co. v. Kentucky, 199 U. S. 194, 26 S. Ct. 36, 50 L. ed. 150, 4 Ann. Cas. 493; U. S. v. Bennett, 232 U. S. 299, 306, 34 S. Ct. 433, 58 L. ed. 612. Under our decisions ordinary debts and promissory notes, secured or unsecured, are not assimilated into specialties so as to become tangibles within the doctrine stated.

2. The fact that some of the bonds were registered cannot change the rule. They are still negotiable the same as if payable to bearer.

The matter of registration relates to the things to be done to effectuate the negotiation so as to preclude an equitable defense by the maker against the transferor. Aside from this the registration has no significance, except for the benefit and protection of the holder. The registered bonds may be successfully transferred time and time again by indorsement and delivery regardless of the want of registration. Any owner may surrender them and take new ones in his own name. The matter of registration cannot be a controlling element.

3. By G. S. 1923, § 2293, the inheritance tax is imposed upon the "clear value" of such interest in such property to which the beneficiary is entitled. To find the "clear value" it is proper to consider and deduct the amount paid as an inheritance or succession tax in another state. For the purpose of ascertaining the "clear value" this item of expense should be applied to reduce the total net value of the property just the same as a federal estate tax, which we have held deductible. State ex rel. Smith v. Probate Court, 139 Minn. 210, 166 N. W. 125; see Frick v. Pennsylvania, 268 U. S. 473, 45 S. Ct. 603, 69 L. ed. 1058, 42 A. L. R. 316. This subdivision of the opinion relates to other property in the estate which is concededly subject to the tax.

Affirmed.

HILTON, J. took no part.

AFTER REARGUMENT.

Note 3. The following opinion was filed on September 28, 1928, and vacated and annulled the preceding opinion. [Reporter]

WILSON, C. J.

We are of the opinion that our holding that the securities here involved are tangibles has been reversed by the recent case of Silberman v. Blodgett, —— U. S. ——, 48 S. Ct. 410, 72 L. ed. 470. So construing the Silberman case, it reduces these securities to mere choses in action. Consequently our opinions cited in subdivision 1 of the former opinion are applicable. This is upon the theory that the owner must invoke the laws of this state to enforce

the securities. State ex rel. Graff v. Probate Court, 128 Minn. 371, 150 N. W. 1094, L. R. A. 1916A, 901; State ex rel. Marsh v. Probate Court, 168 Minn. 508, 210 N. W. 389. These cases are grounded in the doctrine of Blackstone v. Miller, 188 U. S. 189, 23 S. Ct. 277, 47 L. ed. 439, which is either an exception to, or inconsistent with, the rule of Rhode Island Hospital Tr. Co. v. Doughton, 270 U. S. 69, 46 S. Ct. 256, 70 L. ed. 475, 43 A. L. R. 1374, holding that jurisdiction is as necessary for the imposition of an inheritance tax as a property tax; and that a state has no power to tax the devolution of property of a nonresident unless it has jurisdiction of the property devolved or transferred. It is our aim to follow the decisions of the Supreme Court of the United States, since we are construing a provision of the federal constitution, although our own state constitution contains a similar provision.

The opinion in the Silberman case is not necessarily inconsistent with the result we reached in this case because the domicile of the decedent may be a controlling element. But, in view of our previous holdings, it seems that we must logically reach an opposite conclusion from the fact that these securities are intangibles and not tangibles.

Our opinion affirming the lower court is now vacated and annulled; and, for the reasons stated, the order of the lower court is reversed in so far as it relates to the securities here involved.

DIBELL, J.

I dissent.

HILTON, J. took no part.