In the Matter of the Estate of CHARLES F. KIERNAN, Deceased.

Surrogate's Court, New York County, June 14, 1929.

*John McCormick*, for Rose Kenney.

*Charles T. Rudershausen*, for Rose Kenney, executrix.

*Adolph & Henry Bloch*, for Katherine B. Smith, petitioner.

*Charles A. Curtin*, for the State Tax Commission.

O'Brien, S. This is an appeal by Katherine B. Smith, individually, from the report of the transfer tax appraiser and the order entered thereon upon the ground that the tax was assessed on the transfer of five savings bank accounts as property passing to Rose Kenney instead of property passing to Katherine B. Smith and that the tax so assessed is illegal.

The decedent died on September 23, 1927. Prior to his death he had opened two savings bank accounts in the name of " Charles F. Kiernan in trust for Katherine B. Smith." These accounts were in the Manhattan Savings Institution and the Metropolitan Savings Bank respectively. He had likewise opened a savings account in the East River Savings Institution in the name of " Charles F. Kiernan in trust for cousin Katherine B. Smith." In addition to these he had opened an account in the Maiden Lane Savings Bank in the name of " Charles F. Kiernan for Katherine B. Smith " and an account in the Emigrant Industrial Savings Bank in the name of " Charles F. Kiernan for cousin Katherine B. Smith." These are the five accounts in question which, on the date of the decedent's death, amounted to $20,096.77. The appraiser has found that the entire estate of the decedent, including these savings bank accounts, passed to his cousin Rose Kenney and the taxing order has assessed the tax accordingly.

Testimony was taken by the transfer tax appraiser as to the ownership of the bank accounts in question. Upon that testimony he based his conclusion that the entire estate of the decedent passed to Rose Kenney and that Katherine B. Smith was not entitled to the possession of the moneys in these accounts. When this appeal from the taxing order, entered upon the report of the appraiser, came on to be heard it was adjourned by me for a further hearing in order to take testimony of the witnesses who appeared before the appraiser. Such testimony was subsequently taken by me and at the close of the hearing a motion was made to strike out all the evidence taken upon that hearing and for the affirmance of the taxing order. This

motion is denied. On an appeal from the taxing order, as authorized by section 232 of the Tax Law (as amd. by Laws of 1921, chap. 476), the surrogate is not limited to the evidence which was before the appraiser. As the court said in *Matter of Thompson* (57 App. Div. 317): "The purpose of the appeal from the surrogate to the surrogate is not simply to review his former determination. There is no occasion to limit it to that. The beneficial results of such a rehearing would be greatly diminished if the determination of the surrogate could not at that time be treated as so far open as to admit new testimony. The law relates to matters of public interest and should receive such liberal construction as will tend to make it the most efficient. No possible harm can result to the estate to have it so construed." Nor does it follow that the court, having permitted additional evidence to be submitted, is bound to consider all that evidence. It will take into consideration only such portions thereof as are legal proof of the fact at issue.

Moreover, entirely disregarding the evidence presented before me, and considering only the record before the appraiser, I hold that upon the death of the decedent the moneys in the savings bank accounts in question passed to Katherine B. Smith. It is conceded that the accounts were opened by the decedent as above set forth and that the bank books were in the possession of the decedent at the time of his death. The record contains testimony to the effect that Katherine B. Smith had knowledge of these accounts, that there had been a delivery of the pass books and that the money was to go to her upon the death of the decedent. Whether or not there was a completed gift *inter vivos* need not be considered here as the parties admit that the transfer of these moneys is taxable. The rule as to trusts of savings bank deposits was definitely laid down in *Matter of Totten* (179 N. Y. 112), as is stated by the court as follows: "A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass book or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor."

In the instant case the decedent, at the time of his death, had not revoked the tentative trusts. On the contrary, the uncontradicted testimony shows that he desired this money to become the property of Katherine B. Smith at his death. He had pre-

viously made a will which was in the possession of his cousin, Rose Kenney, and which he could not obtain from her. For that reason he went to the banks, in which he had the savings accounts, and asked the proper way to leave his money to Katherine B. Smith. Upon receiving the necessary advice he had the savings accounts placed in his name in trust for her.

From these facts it is apparent that the tentative trusts created by the decedent for Katherine B. Smith became absolute at his death and that the transfer of the bank deposits was a transfer to her and not to Rose Kenney.

An order may be submitted, on notice, sustaining this appeal and modifying the taxing order accordingly.