RHODE ISLAND HOSPITAL TRUST COMPANY, EXECUTOR OF GEORGE BRIGGS, DECEASED, *v.* RUFUS A. DOUGHTON, COMMISSIONER OF REVENUE OF NORTH CAROLINA.

ERROR TO THE SUPREME COURT OF NORTH CAROLINA.

No. 106.  Argued January 11, 1926.—Decided March 1, 1926.

1. Under the principle that the subject to be taxed must be within the jurisdiction of the State, applicable to a transfer tax as well as to a property tax, a State may not tax the devolution of property from a non-resident to a non-resident, unless it has jurisdiction of the property.  P. 80.
2. Inasmuch as the property of a corporation is not owned by the shareholder, presence of such property in a State does not give that State jurisdiction over his shares for tax purposes.  P. 81.

3. A North Carolina law purporting to tax the inheritance of shares owned by a non-resident in any corporation of another State having fifty per cent. or more of its property in North Carolina, the assessment of the shares as compared to their full value being in the same ratio as the value of the corporate property in the State to all the corporate property,—*held* void as applied to shares owned by a resident and citizen of Rhode Island, and passing to his executor there, in a New Jersey corporation, where two-thirds in value of the corporation's property was located in North Carolina, but where the corporation was not " domesticated " by reincorporation in North Carolina, and where there was nothing in the statutory conditions on which it began and continued business there suggesting that the shareholders thereby subjected their stock to the taxing jurisdiction of that State. P. 80.

187 N. C. 263, reversed.

ERROR to a judgment of the Supreme Court of North Carolina sustaining a tax on the inheritance of shares of stock.

*Mr. John M. Robinson,* with whom *Messrs. William R. Tillinghast, James C. Collins* and *Colin MacR. Makepeace* were on the brief, for plaintiff in error.

The distinction between the ownership of the shares of a corporation and ownership of its property is fundamental, and has heretofore been fully recognized by the law of North Carolina. *Pullen* v. *Corporation Commission,* 152 N. C. 553. See 38 Harv. L. Rev. 813. The decision in the present case seems to stand alone. *Tyler* v. *Dane County,* 289 Fed. 843; *State* v. *Dunlap,* 28 Idaho 784; *People* v. *Dennett,* 276 Ill. 43; *Welch* v. *Burrell,* 223 Mass. 87; *State* v. *Walker,* 70 Mont. 484; *In re McMullen's Estate,* 192 N. Y. S. 49; *Shephard* v. *State,* 184 Wis. 88. See *Eisner* v. *Macomber,* 252 U. S. 189; *Hawley* v. *Maldin,* 232 U. S. 1.

We submit that the stock in question could not, in any sense, be properly regarded as property in North Carolina. The owner was not a resident. The corporation was a New Jersey one. The certificates themselves were physi-

cally out of the State.   Any transfer of the certificates must have been effected out of the State.   There is no contention, we assume, that the State could have exercised any control over the transfer of the stock from one owner to the other.   Nor have we heard it contended that the stock, prior to the decedent's death, was subject to an *ad valorem* tax in North Carolina.   In other words, that State had no jurisdiction over the property itself or the transition thereof.   Even if North Carolina, through its legislature and courts, could thus sweep aside the corporate entity in dealing with the relationship of stockholders to the property of a domestic corporation, it could not do so when dealing with the relationship of stockholders in a foreign corporation.

The tobacco company is a corporation of New Jersey. Hence the relation of the stockholders to the corporate property is determined by the law of that State and can not be changed by the State of North Carolina.   *Supreme Council* v. *Green,* 237 U. S. 531; *Canada, etc. R. R.* v. *Gebhard,* 109 U. S. 529.   In the absence of evidence to the contrary, it is presumed that the relation of a stockholder to the corporate property is fixed by the State of New Jersey in accordance with the rules of the common law, unaffected by statute.   *Miller* v. *Railroad,* 154 N. C. 441; *Roberts* v. *Pratt,* 152 N. C. 731.

From the admitted facts it is seen that the taxing State had no jurisdiction over the owner, or the property, or the transfer of the property.   *Frick* v. *Commonwealth of Pennsylvania,* 268 U. S. 473.   It is elementary that the power of a State to tax is limited to persons, property and business within its domain.   *State Tax on Foreign-Held Bonds,* 15 Wall. 300; *Coe* v. *Errol,* 116 U. S. 517; *Dewey* v. *Des Moines,* 173 U. S. 192; *Bristol* v. *Washington County,* 177 U. S. 133; *Tyler* v. *Dane County,* 289 Fed. 843; *Shepard* v. *State,* 184 Wis. 88; *Welch* v. *Burrell,* 223 Mass. 87.

The fact that the tobacco company complied with the state statutes in order to do business therein conferred no authority on the State to impose the tax in question. Section 1181 of the Consolidated Statutes so complied with, contains no provision to the effect that a corporation, upon complying with its requirements, becomes, in any respect, a North Carolina corporation. On the contrary the section expressly provides that a corporation which has complied with its provisions may thereafter " withdraw " from the State in a prescribed manner. Formerly there were two sorts of statutes in the case of admission of foreign corporations to do business in a State—one making it a domestic corporation, and the other merely giving the foreign corporation, as such, permission to do business in the State. Chapter 62 of the Public Laws of the North Carolina Assembly of 1899 was an example of the first kind of statute mentioned. This statute was considered in the case of *Southern Railway Co. v. Allison,* 190 U. S. 326, wherein it was decided that a foreign corporation, which had complied with the statute, did not thereby lose its right to remove to the federal court an action brought against it by a resident of North Carolina.

In *Pennsylvania Railroad Co. v. Railroad,* 118 U. S. 290, the Court said: " It does not seem to admit of question that a corporation of one State, owning property and doing business in another State by permission of the latter, does not thereby become a citizen of this State also." It will be noted that the North Carolina statute (C. S. 1181) does not purport to deal with the stockholders or their liabilities, nor to change the common law relation of a stockholder to the corporate property. Its provisions operate directly upon the corporation itself, without attempting to reach beyond it. It is true that a State may impose valid conditions upon a foreign corporation seeking to enter its borders to transact business. But we submit that, even if it attempted to do so, it could not impose the

condition that stock in such corporation, held outside the State by a non-resident, should be subject to its inheritance tax.  *Shephard* v. *State,* 184 Wis. 88; *Tyler* v. *Dane County,* 249 Fed. 843.

It is true that, in exceptional cases, the court will disregard the corporate entity.  This, however, is resorted to in order to prevent injustice or to circumvent manifest fraud.  But our research has failed to disclose a single case wherein the corporate entity has been disregarded in order to support a tax for which the corporation admittedly is not liable.  If a State may utterly disregard the entity of a foreign corporation, owning property within its borders, solely for the purpose of collecting taxes out of non-resident stockholders of the corporation, it may disregard that entity for any and all purposes.  The fact that North Carolina has the power to punish the tobacco company for transferring the stock before payment of the tax, by taking property of the company located in the State, does not confer jurisdiction.  The vital fact in the case is that Briggs owned no property there.

The economic policy pursued by North Carolina cannot deprive the plaintiff in error of its federal rights.  Neither Briggs nor the plaintiff ever took any benefit under the North Carolina way of levying *ad valorem* taxes.  In *Person* v. *Watts,* 184 N. C. 499, no rights under the federal Constitution were involved.

*Mr. Dennis G. Brummitt,* Attorney General of North Carolina, with whom *Mr. Frank Nash,* Assistant Attorney General of North Carolina, was on the brief, for defendant in error.

An inheritance tax is in no sense a tax upon property but is a levy upon the exercise of a state-granted privilege to dispose of property at one's death or to receive such property by reason of the death of the former holder. The authority to tax this privilege is not restricted by

the Fourteenth Amendment unless the statute plainly offends against due process or equal protection. *Orr* v. *Gilman,* 183 U. S. 278; *Billings* v. *Illinois,* 188 U. S. 97; *Campbell* v. *California,* 200 U. S. 87.

The idea of a corporation as a legal entity apart from its members is a mere fiction of law. When this fiction is urged to an extent not within its reason and purpose it should be disregarded and the corporation considered as an aggregation of persons both in equity and law. *Baltimore & P. R. Co.* v. *Fifth Baptist Church,* 108 U. S. 317; *United States* v. *Trinidad Coal & C. Co.,* 137 U. S. 160. See also *Hale* v. *Henkel,* 201 U. S. 43; *J. J. Mc-Caskill Co.* v. *United States,* 216 U. S. 504. *Linn Timber Co.* v. *United States,* 236 U. S. 574; *Northern Securities Co.* v. *United States,* 193 U. S. 332; *Standard Oil Co.* v. *United States,* 221 U. S. 1; *United States* v. *American Tobacco Co.,* 221 U. S. 106.

The legislature has authority to modify or abolish fictions, though they may have been judicially created. The State of North Carolina adopted this rule years ago and has adhered to it consistently since in raising revenue by the taxing of corporations and their shareholders. The act of 1919 but extended this salutary principle to inheritance taxes. [Citing numerous statutes.] See *Railroad Co.* v. *Commissioners,* 87 N. C. 414; *Worth* v. *Railroad,* 89 N. C. 301; *Railroad Co.* v. *Commissioners,* 91 N. C. 454; *Person* v. *Watts,* 184 N. C. 499; *Person* v. *Doughton,* 186 N. C. 723.

The Act does not offend against the Fourteenth Amendment, as the shares of stock held by the decedent in another State are not themselves property, but only evidence of decedent's ownership of an interest in property actually located in North Carolina, the statute being careful to fit the taxable value of the transfer of such shares to the proportion of the property owned and operated by the corporation in the State. While title to cor-

porate property is in the corporation, the substantial beneficial ownership is, in equity at least, in the stockholders. *Gadsden First Nat. Bank* v. *Winchester,* 119 Ala. 168; *Swift* v. *Smith,* 65 Md. 428; *Bundy* v. *Ophir Iron Co.,* 38 Oh. St. 30; *United States* v. *Wolters,* 46 Fed. 509; *Warren* v. *Davenport Fire Ins. Co.,* 31 Iowa 464; *State* v. *Brinkhop,* 238 Mo. 298; *Seaman* v. *Enterprise F. & M. Ins. Co.,* 21 Fed. 778; *Aetna Fire Ins. Co.* v. *Kennedy,* 161 Ala. 600; *Riggs* v. *Commercial Mut. Ins. Co.,* 125 N. Y. 7. Many of the cases in this Court which recognize a distinct property in the shareholder in his shares of stock, do so in determining the constitutionality of a statute, which was enacted in recognition of this principle. *Hawley* v. *Malden,* 232 U. S. 1; *Blackstone* v. *Miller,* 188 U. S. 189; *Wheeler* v. *Sohmer,* 233 U. S. 434. See *Tappan* v. *Merchants National Bank,* 19 Wall. 490; *Farrington* v. *Tenn.,* 95 U. S. 679; *Corry* v. *Baltimore,* 196 U. S. 466; *Rogers* v. *Hennipen County,* 240 U. S. 184; *Van Allen* v. *The Assessors,* 3 Wall. 598, dissenting opinion. I Morawetz on Corporations, 2d Ed. §§ 227, 232; 3 Cook on Corporations, 8th Ed. §§ 663, 664.

The State has constitutional authority to disregard this fiction, particularly when this is done with no ulterior purpose but with the intent to conform its inheritance tax laws to its consistent policy of disregarding the fiction in all of its revenue acts in relation to the taxation of the property of corporations and of their shareholders. *Blackstone* v. *Miller,* 188 U. S. 189. See *Adams Express Co.* v. *Ohio State Auditor,* 166 U. S. 185; *New Orleans* v. *Stemple,* 175 U. S. 309. There is nothing in the recent case of *Frick* v. *Pennsylvania,* 268 U. S. 473, which conflicts with this view.

The State has constitutional authority to levy an inheritance tax upon the transfer of only that part of the stock which is represented by the value of the property located in the State. This is fair and just, because the

tobacco company is conducting its very profitable business under the fostering care of the laws of North Carolina and practically all the profits that accrued to the decedent from his ownership of the shares accrued in North Carolina. See *Young* v. *South Tredegar Iron Co.,* 85 Tenn. 189; *In re Bronson's Estate,* 150 N. Y. 44; *In re Culver's Estate,* 145 Iowa 1; *Parks Cramer Co.* v. *Southern Express Co.,* 185 N. C. 428. If this position is not sound, then it is easy to conceive a corporation incorporated in another State and doing business in this State with all of its property in the State, whose shares of stock would not be subject to the inheritance tax.

As this is in reality taxation of the transfer of an interest in property located in the State, the General Assembly may impose the obligation to pay such tax upon the custodian of the property within the State. Much more may it, then, impose this liability upon the tobacco company in the present case if it should transfer the stock upon its books without the waiver of the Commissioner of Revenue required to give such transfer validity. *Kirkland* v. *Hotchkiss,* 100 U. S. 498; *Bristol* v. *Washington Co.,* 166 U. S. 141; *Carstairs* v. *Cochran,* 193 U. S. 10; *Travis* v. *Yale & Towne Mfg. Co.,* 252 U. S. 60.

Plaintiff in error relies upon certain cases falling into two classes: (*a*) Those where the court, in interpreting a general statute not specifically imposing a tax, holds that the tax cannot be assessed under the general words of the act because the property in the share of stock is distinct from the property of the corporation, and the share being located without the taxing State, it has no authority to impose the tax. *People* v. *Bennett,* 276 Ill. 43; *People* v. *Blair,* 276 Ill. 623; *State* v. *Dunlop,* 28 Idaho 784; *Welch* v. *Burrell, State Treas.,* 223 Mass. 87; *In re Harkness Estate,* 83 Okla. 107; (*b*) Those which hold an act somewhat similar to the North Carolina act attacked herein, unconstitutional. *Tyler* v. *Dane County,* 289 Fed. 843;

*Shepard* v. *The State,* 184 Wis. 88.  Both of the two decisions last cited were founded upon the fundamental difference in Wisconsin between the capital of a corporation and its capital stock.  *State ex rel. Trust Co.* v. *Walker,* 70 Mont. 484, also distinguished.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This is a writ of error to the Supreme Court of North Carolina in a consolidation of two causes, the first being an appeal to a Superior Court of the State by the plaintiff in error, the Rhode Island Hospital Trust Company, executor of George Briggs, from an inheritance tax assessment on the decedent's estate made by the Commissioner of Revenue of North Carolina, and the second being an action at law by the executor to recover the taxes paid by it on the assessment under protest.  The Superior Court held that the inheritance taxes imposed by the Commissioner of Revenue of the State were lawful and that the executor was not entitled to recover them back as illegally collected.  The Supreme Court of North Carolina affirmed this judgment.  187 N. C. 263.

The assignment of error of the executor is based on the invalidity under the Fourteenth Amendment of that part of the Revenue Act of 1919 of North Carolina, Public Laws, c. 90, § 6 and sub § 7, which provides:

" SEC. 6.  From and after the passage of this act all real and personal property of whatever kind and nature which shall pass by will or by the intestate laws of this State from any person who may die seized or possessed of the same while a resident of this State, whether the person or persons dying seized thereof be domiciled within or out of the State (or if the decedent was not a resident of this State at the time of his death, such property or any part thereof within this State,) or any interest therein or income therefrom which shall be transferred by deed, grant,

sale or gift, made in contemplation of the death of the grantor, bargainor, donor or assignor, or intended to take effect in possession or enjoyment after such death, to any person or persons or to bodies corporate or politic, in trust or otherwise, or by reason whereof any person or body corporate or politic shall become beneficially entitled in possession or expectancy to any property or the income thereof, shall be and hereby is made subject to a tax for the benefit of the State. . . .

"Seventh. The words 'such property or any part thereof or interest therein within this State' shall include in its meaning bonds and shares of stock in any incorporated company, incorporated in any other State or country, when such incorporated company is the owner of property in this State, and if 50 per cent or more of its property is located in this State, and when bonds or shares of stock in any such company not incorporated in this State, and owning property in this State, are transferred by inheritance, the valuation upon which the tax shall be computed shall be the proportion of the total value of such bonds or shares which the property owned by such company in this State bears to the total property owned by such company, and the exemptions allowed shall be the proportion of exemption allowed by this act, as related to the total value of the property of the decedent."

The seventh sub-section further provides:

"Any incorporated company not incorporated in this State and owning property in this State, which shall transfer on its books the bonds or shares of stock of any decedent holder of shares of stock in such company exceeding in par value $500, before the inheritance tax, if any, has been paid, shall become liable for the payment of the said tax, and any property held by such company in this State shall be subject to execution to satisfy the same. A receipt or waiver signed by the State Tax Commissioner of North Carolina shall be full protection for any such company in the transfer of any such stocks or bonds."

George Briggs was a resident of the State of Rhode Island, and domiciled therein at the time of his death. He never resided in North Carolina. He died testate October 29, 1919, leaving a large estate. The plaintiff, Rhode Island Hospital Trust Company, was appointed executor of Briggs' will, and qualified as such before the municipal court of the city of Providence, Rhode Island. Among other personal property passing to the executor under the will were shares of stock in the R. J. Reynolds Tobacco Company which with declared dividends unpaid were valued at $115,634.50. The R. J. Reynolds Tobacco Company, hereinafter for brevity called the Tobacco Company, is a corporation created under the laws of the State of New Jersey. Section 1181 of the Consolidated Statutes of North Carolina provides that every foreign corporation, before being permitted to do business in North Carolina, shall file in the office of the Secretary of State a copy of its charter, a statement of the amount of its capital stock, the amount actually issued, the principal office in North Carolina, the name of the agent in charge of the office, the character of the business which it transacts, and the names and post office addresses of its officers and directors. It is required to pay, for the use of the State, twenty cents for every one thousand dollars of its authorized capital stock, but in no case less than $25, nor more than $250. It may withdraw from the State upon paying a fee of five dollars, and filing in the office of the Secretary of State a statement of its wish to do so. In August, 1906, the Tobacco Company filed its application under the statute and complied with the requirements, and a certificate granting authority to it to do business in the State was issued. Two-thirds in value of its entire property is in North Carolina. Since 1906, it has regularly paid the license and franchise tax required, and is still doing business in the State.

Briggs' certificates of stock in the Tobacco Company, passing under his will to his executor, were, none of them,

in the State of North Carolina at the time of his death, and never had been while they were owned by him. The Commissioner of Revenue of the State assessed an inheritance tax upon $77,089.67, (66⅔ per cent. of the total value of Briggs' stock), amounting to $2,658.85. The plaintiff as executor applied to the office of the company in New Jersey to have this stock transferred to it as executor, in compliance with the will of Briggs. The company refused to do so, on the ground that under the law of North Carolina, already set forth, it would by such transfer before the executor paid the transfer tax subject itself to a penalty which could be exacted out of its property in that State. Thereupon the executor paid the tax under protest, and brought suit to recover it back.

The question here presented is whether North Carolina can validly impose a transfer or inheritance tax upon shares of stock owned by a non-resident in a business corporation of New Jersey, because the corporation does business and has two-thirds of its property within the limits of North Carolina. We think that the law of North Carolina by which this is attempted, is invalid. It goes without saying that a State may not tax property which is not within its territorial jurisdiction. *State Tax on Foreign Held Bonds,* 15 Wall. 300; *Louisville Ferry Company* v. *Kentucky,* 188 U. S. 385; *Delaware Railroad* v. *Pennsylvania,* 198 U. S. 341; *Union Ref. Transit Company* v. *Kentucky,* 199 U. S. 194; *Metropolitan Life Insurance Company* v. *New Orleans,* 205 U. S. 395, 399; *United States* v. *Bennett,* 232 U. S. 299, 306; *International Paper Company* v. *Massachusetts,* 246 U. S. 135, 142; *Frick* v. *Pennsylvania,* 268 U. S. 473, 488.

The tax here is not upon property, but upon the right of succession to property, but the principle that the subject to be taxed must be within the jurisdiction of the State applies as well in the case of a transfer tax as in that of a property tax. A State has no power to tax the devo-

lution of the property of a non-resident unless it has jurisdiction of the property devolved or transferred. In the matter of intangibles, like choses in action, shares of stock, and bonds, the situs of which is with the owner, a transfer tax of course may be properly levied by the State in which he resides. So, too, it is well established that the State in which a corporation is organized may provide in creating it for the taxation in that State of all its shares, whether owned by residents or non-residents. *Hawley* v. *Malden,* 232 U. S. 1, 12; *Hannis Distillery Co.* v. *Baltimore,* 216 U. S. 285, 293, 294; *Corry* v. *Baltimore;* 196 U. S. 466; *Tappan* v. *Bank,* 19 Wall 490, 503.

In this case the jurisdiction of North Carolina rests on the claim that, because the New Jersey corporation has two-thirds of its property in North Carolina, the State may treat shares of its stock as having a situs in North Carolina to the extent of the ratio in value of its property in North Carolina to all of its property. This is on the theory that the stockholder is the owner of the property of the corporation, and the State which has jurisdiction of any of the corporate property has *pro tanto* jurisdiction of his shares of stock. We can not concur in this view. The owner of the shares of stock in a company is not the owner of the corporation's property. He has a right to his share in the earnings of the corporation, as they may be declared in dividends, arising from the use of all its property. In the dissolution of the corporation he may take his proportionate share in what is left, after all the debts of the corporation have been paid and the assets are divided in accordance with the law of its creation. But he does not own the corporate property.

In *Van Allen* v. *Assessors,* 3 Wall. 573, 583, the question was whether shares of stock in a national bank could be subjected to state taxation if part or all of the capital of the bank was invested in securities of the National

Government declared by the statute authorizing them to be exempt from taxation by state authority. It was held that they could be so taxed. Mr. Justice Nelson, speaking for this Court, said, at pp. 583, 584:

" But, in addition to this view, the tax on the shares is not a tax on the capital of the bank. The corporation is the legal owner of all the property of the bank, real and personal; and within the powers conferred upon it by the charter, and for the purposes for which it was created, can deal with the corporate property as absolutely as a private individual can deal with his own. This is familiar law, and will be found in every work that may be opened on the subject of corporations. . . .

" The interest of the shareholder entitles him to participate in the net profits earned by the bank in the employment of its capital, during the existence of its charter, in proportion to the number of his shares; and upon its dissolution or termination, to his proportion of the property that may remain of the corporation after the payment of its debts. This is a distinct independent interest or property, held by the shareholder like any other property that may belong to him."

The same principle is declared in *Jellenik* v. *Huron Copper Company,* 177 U. S. 1, in which it was held that shares of stock in a corporation had a situs in the State creating the corporation so that they were there subject to mesne process. It is approved in *Farrington* v. *Tennessee,* 95 U. S. 679, 686; in *Hawley* v. *Malden, supra,* at p. 19; in *Eisner* v. *Macomber,* 252 U. S. 189, 208, 213, 214, and in *Des Moines Natl. Bank* v. *Fairweather,* 263 U. S. 103, 112.

In North Carolina and in some other States, the state constitution requires all property, real and personal, to be taxed equally. Laws have been passed exempting shares of stock in North Carolina corporations from taxation, on the ground that the property of the corporation is taxed, which is held to be equivalent to taxing the shares.

*Person* v. *Watts*, 184 N. C. 499; *Jones* v. *Davis*, 35 O. S. 474. But such cases grow out of state constitutional difficulties and are hardly applicable to questions of state jurisdiction of shares of foreign corporation stock. The cases of *Bronson's Estate*, 150 N. Y. 1, 8, and *In re Culver's Estate*, 145 Iowa 1, said to hold that a stockholder owns the property of the corporation, are really authorities to the point that shares of stock in a corporation of a State have their situs for purposes of taxation in that State, as well as in the residence of the owner of the shares. But whatever the view of the other courts, that of this Court is clear: the stockholder does not own the corporate property. Jurisdiction for tax purposes over his shares can not, therefore, be made to rest on the situs of part of the corporate property within the taxing State. North Carolina can not control the devolution of New Jersey shares. That is determined by the laws of Rhode Island where the decedent owner lived or by those of New Jersey, because the shares have a situs in the State of incorporation. There is nothing in the statutory conditions on which the Tobacco Company began or continued business in North Carolina which suggests that its shareholders subjected their stock to the taxing jurisdiction of that State by the company's doing business there.

Our conclusion is in accord with the great majority of cases in the state courts where this exact question has arisen. *Welch* v. *Burrill*, 223 Mass. 87; *People* v. *Dennett*, 276 Ill. 43; *State* v. *Dunlap*, 28 Idaho 784; *State* v. *Walker*, 70 Montana 484; *In re Harkness Estate*, 83 Okla. 107. *Tyler* v. *Dane County*, 289 Fed. 843, contains a full and satisfactory discussion of the subject in a Wisconsin case which has been followed by the Supreme Court of Wisconsin in *Estate of Shepard*, 184 Wis. 88. See article by Professor Beale, 38 Harvard Law Review 291.

In an addendum to its opinion in this case, the Supreme Court of North Carolina suggests that the jurisdiction of the State to tax the shares of the New Jersey corporation

may be based on the view that the corporation has been domesticated in North Carolina. So far as the statutes of the State show, it has been authorized to do and does business in the State and owns property therein and pays a fee for the permission to do so. It has not been re-incorporated in the State. It is still a foreign corporation and the rights of its stockholders are to be determined accordingly.

We conclude that the statute of North Carolina, above set out, in so far as it attempts to subject the shares of stock in the New Jersey corporation, held by a resident of Rhode Island, to a transfer tax, deprives the executor of Briggs of his property without due process of law and is invalid.

*Judgment reversed.*