[Civil No. 2414.   Filed June 2, 1926.]

[246 Pac. 770.]

THOMAS BARDON, Jr., Administrator of the Estate of THOMAS BARDON, Deceased, Appellant, v. WAYNE HUBBS, as Treasurer of the State of Arizona, Appellee.

CONSTITUTIONAL LAW — TAXATION — INHERITANCE TAX ON SHARES OF
    NONRESIDENTS IN FOREIGN CORPORATIONS, DOING BUSINESS AND
    OWNING PROPERTY IN STATE, IS UNCONSTITUTIONAL (LAWS ARIZ.
    1922, CHAP. 26; CONST. U. S., AMEND. 14).—Laws of Arizona of

Succession tax as to stock in foreign corporation belonging to estate of nonresident, see notes in 42 A. L. R. 413; 43 A. L. R. 1381. See, also, 26 R. C. L. 216.

Liability to pay transfer or inheritance tax in respect of stock in a domestic corporation belonging to estate of nonresident, see notes in 19 L. R. A. (N. S.) 887; 25 L. R. A. (N. S.) 384; L. R. A. 1917F 270.

1922, chapter 26, in so far as it attempts to levy an inheritance tax on shares of stock owned by nonresidents in foreign corporations owning property and doing business in Arizona, is violative of the due process clause of Constitution of the United States, Amendment 14.

See (1) 12 **C. J.**, p. 1255, n. 27; 37 **Cyc.**, p. 1554, n. 64.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Joseph S. Jenckes, Judge. Judgment reversed and cause remanded with instructions.

Messrs. Sutter & Roche, for Appellant.

Mr. John W. Murphy, Attorney General, and Mr. A. R. Lynch, Assistant Attorney General, for Appellee.

LOCKWOOD, J.—Thomas Bardon died intestate in the state of Wisconsin about the first day of February, 1923. At the time of his death, he was a resident of the state of Wisconsin, and had never been a resident of the state of Arizona. He left as heirs at law his wife and a son and daughter, none of whom had ever been residents of Arizona. Among the property left by him were certain shares of the capital stock of the Denn Arizona Copper Company and of the Shattuck Arizona Copper Company, both corporations organized and existing under the laws of Minnesota, but having approximately two-thirds of their property and assets within the state of Arizona, and doing business in said state. The stock certificates representing said stock had never at any time been within the state of Arizona.

Under the provisions of chapter 26, Session Laws of Arizona of 1922, it was made the duty of the state treasurer of Arizona to collect an inheritance tax upon said stock as part of the estate of Bardon. The corporations in question were forbidden from trans-

ferring the stock without retaining sufficient to pay the tax due thereon, except upon order of the court or a certificate of the state treasurer. The statute provided further that when no tax was due on any corporate stock it should be the duty of the treasurer to issue a certificate authorizing its transfer. Application was made by the administrator of Bardon's estate for an issue of such certificate; it being the theory of the administrator that the inheritance tax levied by the statute under the circumstances above set forth was unconstitutional under Amendment 14 to the federal Constitution, and that therefore no tax was due upon it. The treasurer refused to issue the certificate, claiming the tax to be a valid one, and the administrator has brought this suit asking for a writ of *mandamus* compelling the issuance by the treasurer of a certificate authorizing the transfer of the stock.

There is but one issue to consider in the determination of this case, and that is whether or not the state of Arizona may levy an inheritance tax upon shares of stock in a Minnesota corporation, held by a resident of Wisconsin, when the property of the Minnesota corporation is in whole or in part located within the state of Arizona. Whatever we might otherwise have held as to the constitutionality of such a tax, the Supreme Court of the United States, in the case of *Rhode Island Hospital Trust Co.* v. *Doughton,* 270 U. S. 69, 70 L. Ed. 475, 46 Sup. Ct. Rep. 256, decided on March 1, 1926, but not yet [officially] reported, has foreclosed us. In that case a statute of North Carolina attempted to impose an inheritance tax under circumstances precisely similar to those set forth in this case, and it was contended, as herein, that such tax violated the Fourteenth Amendment to the federal Constitution, in that it deprived the executor of the estate of the deceased of his property

without due process of law. The Supreme Court, after discussing the case and reviewing the authorities, held as follows:

"We conclude that the statute of North Carolina, above set out, in so far as it attempts to subject the shares of stock in the New Jersey corporation, held by a resident of Rhode Island, to a transfer tax deprives the executor of Briggs of his property without due process of law and is invalid."

The highest authority in the land has spoken, and there is nothing further for us to say. The judgment of the superior court of Maricopa county is reversed, and the cause is remanded, with instructions to issue the writ of *mandamus* as prayed for.

McALISTER, C. J., and ROSS, J., concur.