## ST. LOUIS SOUTHWESTERN RY. CO. v. EMMERSON, Secretary of State of Illinois.

Circuit Court of Appeals, Seventh Circuit. January 2, 1929.

Rehearing Denied February 21, 1929.

No. 4075.

Josiah Whitnel, of East St. Louis, Ill., for appellant.

B. L. Catron, of Springfield, Ill., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. This appeal is from a decree dismissing appellant's bill for want of equity.

The relief sought in this suit was an injunctional decree restraining defendant from collecting a franchise tax, from imposing a penalty for the nonpayment of said tax, and from canceling plaintiff's right to transact business in Illinois.

The relief thus sought was based upon appellant's contention that sections 105 and 107 of the General Corporation Act of Illinois (Cahill's Rev. St. Ill. c. 32) were, as to appellant unconstitutional and void; the contention being that these statutes are repugnant to section 1 of the Fourteenth Amendment of the Constitution of the United States as well as to section 2, clause 1, article 4, of said Constitution.

The statutes involved are set forth in the margin.[1]

Appellant is a Missouri corporation licensed to do business in Illinois. Its issued capital stock is of a par value of $36,249,750. Its property is located in various states; less than .0076 per cent. is in Illinois. It filed its annual report with appellee, whose duty it was to assess and collect a license or franchise tax determined by the sections above quoted. This tax was assessed at $1,000 and demand for its payment was duly made. Appellant offered to pay $135.21 but disputed appellee's right to demand the larger sum. The amount tendered ($135.21) was reached by applying the first part of section 105, the validity of which is not questioned. In short, it offered to pay 5 cents on each $100 of that part of its capital stock which was ascertained by applying said section 105.

Appellee objects to the jurisdiction of the federal court, and also insists that the bill does not specifically assail the constitutionality of section 105. In addition he argues that the statute violates no right guaranteed appellant by the Constitution of the United States.

The first two contentions of appellee require no extended discussion.

---

[1] "No. 105. Annual License Fee or Franchise Tax—Amount—Minimum—No Par Value Stock. Each corporation for profit, including railroads, except insurance companies, heretofore or hereafter organized under the laws of this state or admitted to do business in this state, and required by this act to make an annual report, shall pay an annual license fee or franchise tax to the Secretary of State of five cents on each one hundred dollars of the proportion of its issued capital stock, or amount to be issued at once, represented by business transacted and property located in this state, but in no event shall the amount of such license fee or franchise tax be less than that required by this act of corporations having no property or business in this state.

"In the event that the corporation has stock of no par value, its shares, for the purpose of fixing such fee, shall be taken and considered at the amount of the consideration received or to be received by such corporation for such shares."

"No. 106. Ascertainment of License Fee or Franchise Tax in Case of Corporations Generally. In ascertaining the amount of the issued capital stock represented by business transacted and property located in this state, the sum of the business of any foreign or domestic corporation transacted in this state and the total property of such corporation located within this state shall be divided by the sum of the total business of the corporation, and the total property of the corporation wherever situated.

"No. 107. * * * Basis in Case of Corporation Without Property in State and Doing No Business in State—Where Stock of No Par Value. In case it appears from the annual report that the corporation has no property located in this state, and is transacting no business in this state, the following fees shall be paid annually to the Secretary of State as an annual franchise tax: All such corporations having issued capital stock of $50,000 or less shall pay an annual fee of $10; corporations having issued capital stock of more than $50,000 but not exceeding $200,000 shall pay an annual fee of $15; corporations having issued capital stock of more than $200,000 but not exceeding $500,000 shall pay an annual fee of $20; corporations having issued capital stock of more than $500,000 but not exceeding $1,000,000 shall pay a fee of $50; corporations having issued capital stock of more than $1,000,000 but not exceeding $10,000,000 shall pay a fee of $200; corporations having issued capital stock of more than $10,000,000 but not exceeding $20,000,000 shall pay a fee of $500; and all corporations having issued capital stock in excess of $20,000,000 shall pay an annual fee of $1,000."

■ The court had jurisdiction. Not only the tax of $1,000, but threatened penalties and appellant's right to continue to transact business in Illinois, were involved. Appellant alleged this loss and damage to be $5,000. This was sufficient. Packard v. Banton, 264 U. S. 140, 44 S. Ct. 257, 68 L. Ed. 596; In re Heller Piano Co. (C. C. A.) 283 F. 904; McNichols v. International Typographical Union (C. C. A.) 21 F.(2d) 497.

■ As to appellant's urge that the bill does not specifically attack the constitutionality of section 105, it is sufficient to say that the complaint will not be tested by any theory of the pleader or by any conclusions of law he may set forth in the complaint. Its sufficiency will be determined by the facts alleged, which alone must determine the plaintiff's right to relief.

So measured, we think plaintiff's bill sets forth facts sufficient to entitle it to the relief sought, provided we conclude that the Illinois statutes upon which the tax is based are unconstitutional.

■ Appellee relies on the authority of General Railway Signal Co. v. Virginia, 246 U. S. 500, 38 S. Ct. 360, 62 L. Ed. 854. Appellant, on the other hand, distinguishes this case on two grounds: It contends (a) that the validity of the statutes here under consideration involve the authority of the state to impose a tax upon a foreign corporation for continuing to do business therein, whereas the General Railway Signal Company Case involved a statute which imposed a tax on a foreign corporation and as a condition to its right to enter the state. Appellant also points out (b) that the Virginia statute under consideration in the General Railway Signal Company Case contained a maximum tax provision whereas the last clause in section 105 of the Illinois statute contains what might be called a minimum provision.

An examination of Hanover Fire Ins. Co. v. Harding, 272 U. S. 494, 47 S. Ct. 179, 71 L. Ed. 372, 49 A. L. R. 713, makes it clear that there is a difference between imposing a tax on a foreign corporation about to enter the state and the imposition of an annual tax or license fee for the right to continue to do business in the state.

Even when dealing with the foreign corporation's right to enter the state, the Legislature cannot place a burden upon the applicant that contravenes any right given it by the Constitution of the United States.

For example, in International Paper Co. v. Massachusetts, 246 U. S. 135, 38 S. Ct. 292, 62 L. Ed. 624, Ann. Cas. 1918C, 617, frequently cited with approval in later cases

(Air-Way Electric Appliance Corporation v. Day, Treasurer of the State of Ohio, 266 U. S. 71, 45 S. Ct. 12, 69 L. Ed. 169; Ozark Pipe Line Corporation v. Monier, 266 U. S. 555, 45 S. Ct. 184, 69 L. Ed. 439; Alpha Portland Cement Co. v. Massachusetts, 268 U. S. 203, 45 S. Ct. 477, 69 L. Ed. 916, 44 A. L. R. 1219; Rhode Island Hospital Trust Co. v. Rufus A. Doughton, 270 U. S. 69, 46 S. Ct. 256, 70 L. Ed. 475, 43 A. L. R. 1374; Frost & Frost Trucking Co. v. R. R. Com., 271 U. S. 583, 46 S. Ct. 605, 70 L. Ed. 1101, 47 A. L. R. 457), the court held as void and unconstitutional a statute imposing a tax upon a foreign corporation applying for admission to Massachusetts which was based upon the total capital of said corporation without, as well as within, the state of Massachusetts. In this opinion the court pronounced six definite and specific legal propositions which are most aidful in testing the authority of state Legislatures to impose tax burdens on foreign corporations desirous of entering the state.

In the case of Looney v. Crane Co., 245 U. S. 178, 38 S. Ct. 85, 62 L. Ed. 230, the statute condemned dealt with franchise taxes imposed as a condition of the foreign corporation's continuing to do business.

Examining the statutes here under consideration for the purpose of applying the rule laid down in the aforesaid decisions, we find the subject-matter of section 105 is "Annual License Fee or Franchise Tax—Amount —Minimum—No Par Value Stock." The last clause of the first sentence of this section makes applicable section 107, the title to which reads: "Basis in Case of Corporation Without Property in State and Doing No Business in State." The first sentence of section 105 exclusive of its last clause provided for the imposition of a tax based on the foreign corporation's property within the state and the volume of its business transacted within the state.

The state's right to thus tax the foreign corporation is not questioned by appellant.

However, the state went further and added an additional tax such as provided in section 107 provided such tax exceeded the amount which the foreign corporation would be required to pay under the first part of section 105. The last clause of the first sentence of section 105 makes applicable section 107, and section 107 enlarges the tax which the foreign corporation would otherwise be required to pay.

Section 107, applied to foreign corporations such as appellant, imposes a tax on the basis of the foreign corporation's capital,

without, as well as within, the state. This is what is condemned in International Paper Co. v. Massachusetts, supra, and Looney v. Crane Co., supra.

It is true the additional burden imposed by the application of section 107 does not vary with each additional share. But the additional burden imposed upon appellant and all other corporations whose minimum under section 105 is exceeded by the application of 107 is based upon appellant's total capitalization, including property outside of the state. Such a burden the state cannot impose. [4] "The amount demanded is unimportant when there is no legitimate basis for the tax." Alpha Portland Cement Co. v. Mass., 268 U. S. 203, 45 S. Ct. 477, 69 L. Ed. 916, 44 A. L. R. 1219.

The decree is reversed, with directions to enter one consistent with the views expressed in this opinion.