## ST. LOUIS SOUTHWESTERN RY. CO. v. STRATTON, Secretary of State of Illinois.

District Court, S. D. Illinois, S. D.

March 7, 1931.

Josiah Whitnel, of East St. Louis, Ill., and Paul O'Donnell, of Chicago, Ill., for plaintiff.

B. L. Catron, of Springfield, Ill., for defendant.

Before ALSCHULER and PAGE, Circuit Judges, and FITZHENRY, District Judge.

PER CURIAM.

Upon remandment of this cause to the Circuit Court of Appeals, pursuant to the decision of the Supreme Court in Stratton v.

St. Louis Southwestern Ry. Co., 282 U. S. 10, 51 S. Ct. 8, 75 L. Ed. 135, the appeal to the Circuit Court of Appeals was dismissed. Thereupon the District Court, with three judges sitting, heard plaintiff's application for temporary injunction, and defendant's motion to dismiss the bill for want of equity.

The facts are as stated in the Supreme Court opinion. Plaintiff's amended bill, filed after the dismissal of the appeal, is in all essential respects like the original bill.

One of the judges here sitting has hitherto expressed his views of the case in an opinion appearing in (D. C.) 27 F.(2d) 1005, and the other two of the judges have heretofore concurred in opposite views in an opinion reported in (C. C. A.) 30 F.(2d) 322. Whatever, after the full and able presentation of the case before us, may be the respective views of the judges as to those opinions, it appears that the question involved has been definitely settled by a later decision by the Supreme Court in the case of Cudahy Packing Co. v. Hinkle, Secretary of State, et al., 278 U. S. 460, 49 .S. Ct. 204, 73 L. Ed. 454. This case involved a statute of Washington in all essential respects like the one here in issue. A tax similar to that here demanded was there sought to be imposed, and the Supreme Court held the statute, as applied to the tax there involved, to be unconstitutional. In view of the discussion there presented, our further elaboration will be quite unnecessary.

Temporary injunction is hereby awarded in accordance with the prayer of the bill.

Defendant's motion to dismiss the bill for want of equity is denied.

Defendant having elected to stand by his motion to dismiss the bill for want of equity, final decree will be entered awarding plaintiff a permanent injunction as prayed for in its bill of complaint.