**In the Matter of COPPER CANYON MINING COMPANY, Debtor.**

**No. 1622.**

United States District Court
D. Delaware.

Oct. 7, 1957.

W. Laird Stabler, Jr. (of Berl, Potter & Anderson), Wilmington, Del., for Copper Canyon Min. Co.

Daniel O. Hastings and Clarence W. Taylor (of Hastings, Lynch & Taylor), Wilmington, Del., for Wendell B. Barnes, as Administrator of Small Business Administration.

Howard L. Williams (of Morris, James, Hitchens & Williams), Wilmington, Del., for Trustee.

RODNEY, District Judge.

On May 10, 1957, an order was entered by this Court granting a petition by Copper Canyon Mining Company, a Delaware Corporation, for relief under Chapter 10 of the Bankruptcy Act, 11 U.S. C.A. § 501 et seq. Among other things, this order enjoined the Reconstruction Finance Corporation from foreclosing a certain mortgage given by Copper Canyon and covering certain property in Nevada.

This matter comes before the Court at this time upon petition of Wendell B. Barnes, Administrator of Small Business Administration, successor to the interest of Reconstruction Finance Corporation, and George G. Holder, Receiver, appointed by the United States District Court in and for the District of Nevada. This petition requests that the Court dissolve an injunction included in its order of May 10, 1957. The hearing on this petition brings forth facts which previously were unknown to the Court.

The facts, as now presented to the Court, are briefly as follows.

In December, 1947, Reconstruction Finance Corporation made a loan of $100,000 to Copper Canyon Mining Company. As Security for the payment of the notes given, an indenture and chattel mortgage (a deed of trust and chattel mortgage) were given whereby Copper Canyon Mining Company conveyed its real property to a trustee and mortgaged its personal property to R.F.C. as security for the payment of said loan. Subsequently, the R.F.C. made another loan of $30,000 which was secured by the indenture and chattel mortgage previously given. The $100,000 was due and payable January 1, 1949, and the remaining $30,000 was due July 1, 1949. Section 5 of the indenture and chattel mortgage contains a provision whereby said company waived its right of redemption in and to the mortgage property in the event such property should be sold by the trustee pursuant to the provisions of said indenture and chattel mortgage or pursuant to foreclosure or judicial proceedings. On March 25, 1957, R.F.C. obtained a judgment pursuant to the trust indenture against the debtor in the United States District Court in and for the District of Nevada.

On September 20, 1955, Copper Canyon Mining Company had sold and conveyed all its property to Battle Mountain Copper Company receiving, among other considerations, a purchase-money mortgage from Battle Mountain. This mortgage is junior to the mortgage held by Reconstruction Finance Corporation and subordinated to an additional indebtedness which Battle Mountain con-

tracted and which presently exists in favor of one Lloyd H. Smith.

It appears by an affidavit filed that Copper Canyon, by a series of transfers during the period from April 23, 1957 through May 10, 1957, acquired 1,500 shares of stock of Battle Mountain. This is alleged to be approximately 90% of the outstanding stock of Battle Mountain. By affidavit, the President of Copper Canyon stated that these transfers were made in order that Copper Canyon could exercise complete control over the property conveyed by it to Battle Mountain in 1955.

The statute under which these proceedings were instituted (Title 11 U S. C.A.) provides by Sec. 516(4) that the Court would have power to "enjoin or stay until final decree * * * any act or proceeding to enforce a lien upon the property of the debtor."

Counsel for the government agency and the receiver contend that this Court did not have jurisdiction to stay the foreclosure on the R.F.C. mortgage since the property subject to the foreclosure is not the property of Copper Canyon, as required by the foregoing statute.

In support of this contention, counsel for the present petitioners urge that it is axiomatic that the sale of property not belonging to the debtor cannot properly be restrained in a proceeding for reorganization of the debtor and cite Collier on Bankruptcy 14th Edition, Vol. 6, page 753; In re Hotel Martin Co. of Utice, 2 Cir., 1938, 94 F.2d 643; In re Patten Paper Co., 7 Cir., 1936, 86 F.2d 761 and In re Prudence Co., 2 Cir., 1936, 82 F.2d 755.

Counsel for Copper Canyon agree with this general rule of law but contend that the debtor's interest as mortgagee and majority stockholder give it a proprietary interest in the real estate which is more than sufficient for this Court to exercise jurisdiction over the said real estate.

Counsel points out that Chapter 10 is a remedial statute and as such should be given a liberal and sympathetic construc-

tion. Counsel argues that while Battle Mountain has legal title to the real estate in question, the equitable interest of the debtor, no matter how small constitutes "property" within the meaning of 11 U.S.C.A. § 516(4) and confers jurisdiction on the Court to enjoin the foreclosure proceedings.

The Court cannot agree with the contention of Copper Canyon's attorney in so far as they relate to the staying of the foreclosure proceedings. Such interest as Copper Canyon may have as a result of being the holder of a third mortgage lien is not sufficient to constitute "property" as that term is used in Sec. 516(4) of Title 11. The Supreme Court, in Callaway v. Benton, 1948, 336 U.S. 132, 69 S.Ct. 435, 93 L.Ed. 553, recognized the distinction between an interest which the debtor may have in property and the property itself.

Copper Canyon contends that its ownership of 90% of the outstanding capital stock of Battle Mountain gives it an equitable ownership if not legal title in the property.

It is well established generally that a stockholder of a corporation is not the owner of the corporation's property. Rhode Island Hospital Trust Co. v. Doughton, 270 U.S. 69, 46 S.Ct. 256, 258, 70 L.Ed. 475, and that until legally dissolved, a corporation is the absolute owner of all of its property. Wilmington Trust Co. v. Wilmington Soc. of Fine Arts, 1943, 27 Del.Ch. 243, 34 A.2d 308. Nevada, the situs of the real estate in question, recognizes the same principle. Page v. Walser, 1923, 46 Nev. 390, 213 P. 107.

This general rule of law is equally applicable in the field of bankruptcy reorganization. See In re Adolf Gobel, Inc., 2 Cir., 1936, 80 F.2d 849.

Since the mere holding of a mortgage lien upon real estate does not make the real estate the property of the debtor so as to confer jurisdiction upon this Court, and since the holding of 90% of the stock of Battle Mountain by the debtor does not operate to vest title to

the Battle Mountain real estate in the debtor, this Court is and was without jurisdiction to stay enforcement of the first mortgage presently held by the Small Business Administration as successor to R.F.C.

This Court by paragraph 17 of its order dated May 10, 1957 provided for a stay of the proceedings to foreclose the mortgage given by Copper Canyon Mining Co. to Reconstruction Finance Corporation pending in the District Court of the United States in and for the District of Nevada entitled Reconstruction Finance Co. v. Copper Canyon Mining Company, et al., No. 1226.

The foregoing provision of the order of May 10, 1957 is revoked and the stay dissolved and an order therefor may be submitted.