**In the Matter of PANITZ & CO., Inc., et al., Debtors.**

**No. 12835.**

United States District Court
D. Maryland.

July 6, 1967.

Frederick J. Singley, Jr. and Hinkley & Singley, Baltimore, Md., for I. H. Hammerman, II, Trustee.

David F. Albright, Bradley T. J. Mettee, Jr., and Semmes, Bowen & Semmes, Baltimore, Md., for Arlington Federal Savings and Loan Assn.

Shale D. Stiller and Frank, Bernstein, Conaway & Goldman, Baltimore, Md., for Panitz & Co., Inc., debtor.

Charles B. Zwally and Rhoads, Sinon & Reader, Harrisburg, Pa., for D. M. Stoltzfus & Son, Inc.

HARVEY, District Judge:

On April 24, 1967, Panitz & Co., Inc. (Panitz) and three other corporations, including a wholly owned subsidiary and two affiliates, filed in this Court a joint petition for reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. By Order dated April 28, 1967, such petition was duly approved by this Court and a Trustee appointed. Such Order provided, *inter alia*, that all creditors and other persons were enjoined from commencing or continuing any action at law against the debtors and their properties and from interfering with or enforcing a lien upon any property owned by or in the possession of the debtors.

At the time of the appointment of the Trustee, Panitz owned a sixty-eight percent interest as a limited partner in Whitehall Associates (Whitehall). Whitehall was organized under Maryland law as a limited partnership on April 27, 1965, and a Certificate of Limited Partnership was duly filed in the Land Records of Hartford County on May 26, 1965. In the original petition, Panitz's interest in Whitehall was

valued at $153,000. Whitehall is the owner of an apartment project involving some 150 apartment units in Lancaster, Pennsylvania, which was under construction at the time that these proceedings were commenced. Approximately 100 units have been finished and occupied. Whitehall is indebted to Arlington Federal Savings and Loan Association (Arlington) in the amount of approximately $1,772,000, which indebtedness is secured by two mortgages on the apartment project. On May 5, 1967, Arlington instituted proceedings in the Court of Common Pleas of Lancaster County, Pennsylvania, for the foreclosure of said mortgages.

The Trustee has filed a petition seeking to specifically enjoin Arlington from continuing with such foreclosure proceedings, claiming that Panitz has a property interest in the real estate in question which should be protected by this Court pending the outcome of these Chapter X proceedings. Arlington has filed an answer denying that this Court has jurisdiction over the property subject to foreclosure and claiming that the debtor is merely a limited partner in the owner of the Pennsylvania real property with no direct property interest therein. Another answer has been filed by D. M. Stoltzfus & Son, Inc. (Stoltzfus), a contractor, which is owed some $99,000 by Whitehall for labor and materials used in the construction of the apartment project. Stoltzfus has obtained a judgment against Whitehall and further claims a mechanic's lien against the Pennsylvania real property. It asks this Court to enjoin the pending foreclosure proceedings for such reasonable time as shall allow the Trustee an opportunity to arrange a sale of the property.

Substantially all the facts here have been agreed to by stipulation of the parties. The only witness at the hearing was Leon Panitz, president of the principal debtor, who took the stand and testified as to his execution on May 17, 1967 of an instrument dated May 15, 1967 and entitled "Termination and Dissolution of Limited Partnership."

In signing such instrument, Mr. Panitz, a general partner in Whitehall, purported to withdraw from the limited partnership and stated that he did not consent to the continuation of such partnership. Counsel for the Trustee, Arlington, Stoltzfus and Panitz itself all participated in the hearing and have all filed memoranda of law which have been duly considered by the Court. The question here for decision is whether under Chapter X of the Bankruptcy Act, this Court may enjoin a pending foreclosure in a state court involving real property owned by a limited partnership in which the debtor's interest is that of a limited partner.

Under § 111 of the Bankruptcy Act, the Court in Chapter X proceedings has "exclusive jurisdiction of the debtor and its property, wherever located." Upon approval of a Chapter X petition the judge may, under § 116, enjoin the commencement or continuation of any proceeding "to enforce a lien upon the property of the debtor." § 148 provides that an order approving a Chapter X petition shall operate as a stay of any act or other proceeding "to enforce a lien against the debtor's property." The Trustee and Stoltzfus contend that as a limited partner in Whitehall, Panitz has an equitable interest in the real estate owned by the partnership in Lancaster County, Pennsylvania and that by virtue of the remedial nature of Chapter X proceedings this Court has the power to and should protect such "property" by enjoining a foreclosure action affecting it.

▌ Where a debtor has a direct interest in pledged or mortgaged property, it is clear that the court in a Chapter X case may enjoin creditors or others from enforcing liens and selling collateral without the consent of the court. In re Cuyahoga Finance Co., 136 F.2d 18 (6th Cir. 1943); First National Bank in Houston v. Lake, 199 F.2d 524 (4th Cir. 1952), cert. den. 344 U.S. 914, 73 S.Ct. 337, 97 L.Ed. 705 (1953). Where the debtor's property interest consists of stock in a corporate

entity which has title to the property being foreclosed, it has been held that a court in reorganization proceedings may not enjoin a foreclosure action brought against such property. In re Copper Canyon Mining Co., 156 F.Supp. 535 (D. Del.1957) involved a Chapter X proceeding in which the Delaware debtor owned 90% of the stock of Battle Mountain Copper Company, a corporation which had not been joined as a debtor in the proceedings. Battle Mountain owned certain real estate in Nevada which was subject to a lien in favor of Reconstruction Finance Corporation and a third lien in favor of the debtor. The Trustee sought to enjoin the Small Business Administration (successor to the R. F. C.) from foreclosing on this real property of Battle Mountain. It was argued on behalf of the debtor that its interest in Battle Mountain as majority stockholder and also as third mortgagee gave it an equitable interest in the real estate itself which was sufficient under Chapter X for the bankruptcy court to exercise jurisdiction over such real estate. In declining to enjoin the foreclosure proceedings, the Court said at pages 537–538:

"The Court cannot agree with the contention of Copper Canyon's attorney in so far as they relate to the staying of the foreclosure proceedings. Such interest as Copper Canyon may have as a result of being the holder of a third mortgage lien is not sufficient to constitute 'property' as that term is used in Sec. 516(4) of Title 11. The Supreme Court, in Callaway v. Benton, 1948, 336 U.S. 132, 69 S.Ct. 435, 93 L.Ed. 553, recognized the distinction between an interest which the debtor may have in property and the property itself.

"Copper Canyon contends that its ownership of 90% of the outstanding capital stock of Battle Mountain gives it an equitable ownership if not legal title in the property.

"It is well established generally that a stockholder of a corporation is not the owner of the corporation's prop-

erty. Rhode Island Hospital Trust Co. v. Doughton, 270 U.S. 69, 46 S.Ct. 256, 258, 70 L.Ed. 475, [43 A.L.R. 1374,] and that until legally dissolved, a corporation is the absolute owner of all of its property. Wilmington Trust Co. v. Wilmington Soc. of Fine Arts, 1943, 27 Del.Ch. 243, 34 A.2d 308. Nevada, the situs of the real estate in question, recognizes the same principle. Page v. Walser, 1923, 46 Nev. 390, 213 P. 107.

"This general rule of law is equally applicable in the field of bankruptcy reorganization. See In re Adolf Gobel, Inc., 2 Cir., 1936, 80 F.2d 849.

"Since the mere holding of a mortgage lien upon real estate does not make the real estate the property of the debtor so as to confer jurisdiction upon this Court, and since the holding of 90% of the stock of Battle Mountain by the debtor does not operate to vest title to the Battle Mountain real estate in the debtor, this Court is and was without jurisdiction to stay enforcement of the first mortgage presently held by the Small Business Administration as successor to R. F. C."

To the same effect is In re Adolf Gobel, Inc., 80 F.2d 849 (2d Cir. 1936), a case arising under former Section 77B of the Bankruptcy Act.

In Callaway v. Benton, 336 U.S. 132, 69 S.Ct. 435, 93 L.Ed. 553 (1949), the Supreme Court was presented with a case in which the district court in a Section 77 railroad reorganization had enjoined the foreclosure of real property in which the debtor had a leasehold interest. In holding that the interest involved was not part of the property of the debtor and that the district court's assertion of exclusive jurisdiction was error, the Supreme Court said the following at pages 142–143; at page 441 of 69 S.Ct.:

" * * * There can be no question, however, that Congress did not give the bankruptcy court exclusive jurisdiction over all controversies that in some way affect the debtor's

estate. One exception is found in the express language of the statute. What it did give is exclusive jurisdiction of the debtor and its property wherever located. § 77, sub. a. The interest held by the debtor in South Western's lines was a leasehold estate. Such an estate is the debtor's 'property' within the meaning of the Act. Any controversy involving that estate would have been within the exclusive jurisdiction of the bankruptcy court.

"Here, however, the question involves not the debtor's leasehold, but the reversion in fee held by South Western as lessor. South Western was not in reorganization jointly with its lessee, nor could it have been reorganized in the Central's proceedings. The controversy which respondents initiated in the state court, and which the district court decided after having enjoined the state proceedings, requires a determination of the rights of the stockholders of South Western inter se to sell their reversionary interest in the property. We think that the interest here involved is not part of the property of the debtor, and that the district court's assertion of exclusive jurisdiction was error."

No case has been cited by any of the parties considering whether a debtor's interest as a limited partner gives such debtor a property interest under Chapter X in specific real estate owned by the partnership. Benitez v. Bank of Nova Scotia, 110 F.2d 169 (1st Cir. 1940) arose under former Section 74 of the Bankruptcy Act providing for compositions and extensions for individual debtors. The debtor there was a member of a Puerto Rican Comunidad, which the court deemed a partnership under the Bankruptcy Act. In holding that the debtor's property interest in such a partnership did not give the bankruptcy court the power to stay foreclosure proceedings involving specific partnership property, the court said the following at pages 173–174:

" * * * And, of course, a partnership creditor who holds a mortgage or pledge of specific partnership property does not lose his right to enforce the lien by appropriate proceedings merely because one of the partners has filed an individual petition in bankruptcy. The other members of the partnership have an interest in insisting upon the application of the partnership property to the payment of partnership debts, in order that they may be relieved of their individual liability therefor payable out of their separate estates. If a single partner by invoking Section 74 on his individual petition could thus prevent or delay the application of partnership property to the payment of partnership debts, the other members of the partnership might be substantially prejudiced.

"We therefore think it clear that the appellant's 'property' interest in the Comunidad, his abstract and indeterminate share therein, did not give the bankruptcy court power to stay the foreclosure proceedings against the Comunidad in the equity court."

The same court adopted a similar approach in a later case involving an interpretation of former Section 75 of the Act providing for agricultural compositions and extensions for farmers. Benitez v. Bank of Nova Scotia, 141 F.2d 942, 948, 949 (1st Cir. 1944).

To determine the scope of the word "property" as used in Chapter X, reference should be made to § 70, sub. a(5), which provides as follows:

"The trustee of the estate of a bankrupt and his successor or successors if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this Act, except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located * * * (5) property, including rights of action, which prior to the filing of the petition he

could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered:  * * * "

■ § 70, sub. a is applicable in Chapter X cases by virtue of § 102 generally and also indirectly by the language of § 186. Collier on Bankruptcy, Vol. 6A, § 8.02 n. 5. As applied in Chapter X proceedings, the test under clause (5) is whether the interest could have been (1) transferred by the debtor, or (2) levied upon and sold under judicial process against such debtor, or otherwise seized, impounded or sequestered. If neither one of these conditions can be met, the property does not pass to the trustee by virtue of clause (5). Collier on Bankruptcy, Vol. 4, § 70.15, p. 1028. Whether a limited partner's interest in real property owned by the partnership can be transferred, or levied upon and sold, or impounded, seized or sequestered should be determined by applicable state law. Id. at p. 1034.

Maryland has adopted the Uniform Limited Partnership Act, and the nature of a limited partner's interest may be ascertained by reference to §§ 1 through 30 inclusive of Article 73 of the Annotated Code of Maryland (1967 Repl.Vol.). Under Maryland law a limited partnership is a partnership formed by two or more persons having as members one or more general partners and one or more limited partners. § 1. A limited partner is not bound by the obligations of the partnership, and a limited partner's interest in the partnership is considered to be personal property. §§ 1, 18. In settling accounts after dissolution of a limited partnership, a limited partner is not entitled to receive any part of his contribution until all liabilities of the partnership have been paid or there remains property of the partnership sufficient to pay them. §§ 23, 16(1) (a). A judgment creditor of a limited partner may apply to a court of competent jurisdiction to charge the interest of the indebted limited partner with payment of the unsatisfied amount of the judgment debt, but the interest of the limited partner may not be redeemed with partnership property. § 22.

The Court of Appeals of Maryland had occasion to trace the history of the Maryland statute in Gilman Paint. & Varnish Co. v. Legum, 197 Md. 665, 80 A. 2d 906 (1951). Referring to acts passed in many states which led to adoption of the Uniform Act, the court said the following at page 670, at page 908 of 80 A.2d:

> " * * * The general purpose of these acts was not to assist creditors, but was to enable persons to invest their money in partnerships and share in the profits without being liable for more than the amount of money they had contributed. The reason for this was to encourage investing."

■ Applying these principles to the pending matter, it is concluded that the real estate in Lancaster County, Pennsylvania, owned by Whitehall, is not "property" of Panitz within the meaning of Chapter X of the Bankruptcy Act. Panitz, as a limited partner in Whitehall, could not itself have transferred such real property, nor was it subject to seizure by a judgment creditor of Panitz. A limited partnership interest in Maryland is in the nature of an investment, and the owner of such an interest acquires no such legal or equitable property right in the partnership's realty which would permit the bankruptcy court to assume jurisdiction of the realty itself. Since the bankruptcy court in a Chapter X case may enjoin only foreclosures of "property" of a debtor, and since Whitehall is not a party to these proceedings, this Court has no jurisdiction to prevent Arlington from proceeding against the real property itself in a Pennsylvania state court.

■ The unilateral action taken by Mr. Panitz after appointment of the Trustee by this Court does not affect the result here. Without the consent of the Trustee or any other general or

limited partner, Mr. Panitz sought to dissolve the partnership by signing a paper providing for his withdrawal and stating that each asset of the partnership was then owned by the three limited partners "as tenants in common, subject to any liabilities." Neither the limited partnership agreement as amended nor the provisions of Article 73 of the Maryland Code would seem to permit such a result. In any event, the testimony of Mr. Panitz clearly shows that this step was taken for no other reason than to strengthen the principal debtor's position in this proceeding. Under such circumstances, this Court will disregard events occurring after the appointment of the Trustee and for the purposes of this proceeding consider the status of the debtor's property only as of that date.

Counsel will prepare and submit an appropriate order.